**Lee M. HOLMES, Joan S. Holmes, Petitioners–Appellees,**

v.

**DIRECTOR OF THE DEPARTMENT OF REVENUE AND TAXATION, GOVERNMENT OF GUAM, as the Delegate of the Governor of Guam, Respondent–Appellant.**

**No. 89–16629.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 9, 1991.

Decided July 1, 1991.

David C. Sullivan, Asst. Atty. Gen., Agana, Guam, for respondent–appellant.

Michael J. Yoshii, Damon, Key, Bocken, Leong & Kupchak, Honolulu, Hawaii, for petitioners–appellees.

Mark Snyder Holmes (argued), Agana, Guam, for petitioners-appellees.

Before SCHROEDER, FLETCHER and FERGUSON, Circuit Judges.

FERGUSON, Circuit Judge:

In this second appeal, the Guam Department of Revenue ("Guam" or "Department") seeks to assess additional taxes against individual Guam taxpayers based on their shares in an S corporation chartered in the Commonwealth of the Northern Mariana Islands ("CNMI"). The district court found that the three-year statute of limitations on the individual Guam return ran from the filing of the corporate return in the CNMI, and granted summary judgment. The Department claims on appeal that because Guam and the Marianas

are independently administered tax jurisdictions and the corporation was not required to file in Guam, no statute of limitations applies and additional taxes against the individuals may be assessed "at any time." We disagree and affirm the district court's ruling.

## FACTS

The undisputed facts were set forth in full in our earlier opinion, *Holmes v. Director of Revenue and Taxation, Government of Guam I*, 827 F.2d 1243 (9th Cir. 1987) (*"Holmes I"*), but are briefly summarized here for convenience. Lee and Joan Holmes, U.S. citizens and residents of Guam, are majority shareholders in a Subchapter "S" corporation organized in the CNMI, the Northern Marianas Cable TV company ("Cable"). Cable lost money in 1980. On April 11, 1981, Cable filed an "informational return" in the CNMI, and sometime that same year the Holmes filed their individual joint return and claimed a "pass-through" loss of $80,570, based on their 89% share in Cable.

On June 14, 1984, the Department disallowed the individual deduction on the grounds that the Subchapter S election was impermissible under Guam law, and alleged a deficiency in the Holmes' individual return of $42,813. The Holmes filed a petition for redetermination, and stipulated to all material issues of fact. Summary judgment was granted to Guam in 1986.

On appeal, we reversed and remanded, holding that the mirror image tax codes in effect in both Guam and the CNMI made Cable a "domestic" corporation under Guam law, and determined that allowing the Holmes to deduct the losses of their CNMI Subchapter S corporation on their Guam joint return was not incompatible with either the Code or the CNMI Covenant. *Holmes I*, 827 F.2d at 1246.

While the case was on remand, we held in *Kelley v. Commissioner*, 877 F.2d 756 (9th Cir.1989), that the date of filing of an S corporation's informational return starts the three-year statute of limitations for corporation-related adjustments to the shareholder's individual return. Based on *Kel-*

*ley*, the district court granted a second summary judgment in this case, this time in favor of the Holmes. The Department timely filed this second appeal.

## DISCUSSION

The Department concedes that Cable had no legal obligation to file a return with the Territory of Guam, but urges this court to hold that *Kelley* is inapplicable to independently administered tax jurisdictions such as Guam and the CNMI. In the alternative, the Department also argues that *Kelley* was wrongly decided and should be overruled.

■ A grant of summary judgment is normally reviewed de novo. *Kruso v. International Telephone & Telegraph Corp.*, 872 F.2d 1416, 1421 (9th Cir.1989), *cert. denied*, — U.S. ——, 110 S.Ct. 3217, 110 L.Ed.2d 664 (1990). Because the facts were stipulated and this is the second appeal, we limit our review to the issue of whether *Kelley* requires summary judgment in favor of the Holmes. *See Tzung v. State Farm Fire and Casualty Co.*, 873 F.2d 1338, 1339–40 (9th Cir.1989).

### I. *Merits*

As explained in *Holmes I*, the Internal Revenue Code applies in both Guam and the Marianas through a "mirror image" system under which each jurisdiction administers and collects its own taxes. *Id.*, 827 F.2d at 1244; 48 U.S.C. § 1421i(b)–(e); § 601, Covenant to Establish a Commonwealth in Political Union With the United States of America ("Covenant") (as amended), reprinted in 48 U.S.C. § 1681, note. *See also* Rev.Rul. 80–167, reprinted in 1980–1 C.B. 176. Citizens or residents of either jurisdiction are required to file only one income tax return. *See id.;* 26 U.S.C. § 935 (prior to 1980 amendment); 48 U.S.C. § 1421i(e); Covenant § 601(b). Under these "mirroring" provisions, either Guam or CNMI is to be substituted wherever "United States" appears in the Internal Revenue Code, unless such substitution would be "manifestly incompatible" with

the Code or Covenant. 48 U.S.C. § 1421i(e); Covenant § 601(c); *Holmes I,* 827 F.2d at 1246.

*Holmes I* instructs that the "manifestly incompatible" standard is to be construed narrowly. There, we reasoned that allowing Guamanians to enjoy the benefits of Subchapter S election for their CNMI corporations was not incompatible with either the Code or Covenant, but merely flowed from Congress' decision to allow the two territories to administer their own taxes. The fact that the arrangement may work to the Holmes' advantage or even allow them a windfall under certain conditions does not constitute "manifest incompatibility."

Similarly, requiring the Guam Department of Revenue to abide by the same statute of limitations as the Internal Revenue Service under *Kelley* is not manifestly incompatible with the Code, but merely places the Department on the same footing as the mainland I.R.S. *See* I.R.C. §§ 6037, 6501(a); *Kelley,* 877 F.2d at 758. As we stated in *Kelley,* such a rule is necessary "so that after some time persons can be confident that their affairs are closed and they can dispose of old records." *Id.* We noted that the tax collector is not prejudiced by such a rule because he or she may always request an extension of the statute of limitations from the individual taxpayer, and the corporate taxpayer will thus be placed on notice to retain materials needed to withstand an audit.

■ The respondent Department attempts to distinguish *Kelley* in two ways. First, it contends that its notice of deficiency was not directed at Cable's CNMI return, but at the Holmes' individual return. This argument is merely an attempt to resurrect the claim we rejected in *Kelley,* where we limited individual liability for "flow-through" profits or losses after expiration of the three-year corporate statute of limitations. Because S corporations pay no taxes, adjustments are always made on the individual shareholders' returns, regardless of which jurisdiction is attempting to collect the money. Furthermore, in this particular case, the Department has already conducted one audit of the Holmes' 1980 return, which included the Cable losses, and thus had ample notice of the Holmes' intent to claim these deductions well within the three years.[1] This attempt at a "second bite at the apple" is precisely the strategy we rejected in both *Holmes I* and *Kelley.* *See Kelley,* 877 F.2d at 759 (rejecting adjustment to *individual shareholder's* return based on disallowance of corporate deductions.)

■ Secondly, the Department argues that it has no jurisdiction over CNMI corporations like Cable, and has no access to returns filed in the CNMI. Thus, it reasons, it will never have notice of any deficiencies on individual Guamanian returns and therefore the statute should never begin to run under 26 U.S.C. § 6501(c)(3). Alternatively, it suggests that physical delivery of the CNMI return at the Guam Department be required to trigger the statutory period.[2] However, these arguments are disingenuous. In the case at bar, the Department received actual notice of the Holmes' intent to deduct Cable's losses when it received their individual return in 1981, and in fact it audited and disallowed other deductions within the statutory three-year period.

As for future cases, no showing has been made that the CNMI Department of Finance refuses to release any information requested by the Guam Department of Revenue; in fact, the two jurisdictions agreed in 1984 to share relevant tax return information. Thus, absent some unusual circumstance, the Department may obtain informational returns filed by CNMI corporations simply by asking, and will be notified of any potential problems merely by

---

1. The record includes a "Technical Advice Memorandum," dated May 16, 1983, on the Holmes' situation, and a document entitled "Income Tax Examination Changes," dated July 8, 1983. A deficiency of $9,115 was assessed, which the Holmes paid in full.

2. The cases the Department cites in support of this position are wholly inapposite. *See, e.g., Edward Barron Estate Co. v. C.I.R.,* 93 F.2d 751, 754 (9th Cir.1937) (late telegraphic notice to Board member does not constitute filing of petition for redetermination with Board of Tax Appeals).

scanning its individual returns for S corporation income or deductions. If it fails to request such information or neglects to act on the information it does have within the allotted time, without obtaining a waiver, its rights will expire, as would the rights of its counterpart on the mainland, the I.R.S. Nothing in this result is "manifestly inconsistent" with either the Code or the Covenant, and therefore we have no power to alter it.[3]

## II. *Attorney Fees*

■ On appeal, the Holmes request that attorney fees and double costs be awarded as sanctions under Fed.R.App.P. 38, and also request an award of fees under 26 U.S.C. § 7430. That section authorizes attorney fees of up to $25,000 and costs to "prevailing parties" who establish that the Government's position in the litigation was "not substantially justified." We deny sanctions under Rule 38, as the appeal was not entirely frivolous, but award fees and costs for this appeal under 26 U.S.C. § 7430. No substantial justification existed for Guam's position on appeal after *Holmes I* and *Kelley*. *Cf. Bertolino v. Commissioner*, 930 F.2d 759, 760 (9th Cir. 1991).

■ The Department claims that any request for fees under § 7430 must be made to the district court in the first instance. However, the statute refers to "any court proceeding," and does not limit our jurisdiction to award fees. The Holmes are ordered to file their request and supporting documentation with the Clerk within thirty days as provided by Circuit Rule 39–1.6.

## CONCLUSION

We AFFIRM the grant of summary judgment to the Holmes, and GRANT their request for fees under 26 U.S.C. § 7340. The request for sanctions is DENIED.

---

**3.** Of course the Guam legislature is free to rewrite its Territorial Tax Code to avoid such a result, and in fact may now be doing so. *See* P.L. 20–181.