140 T.C. No. 14

UNITED STATES TAX COURT

ARTHUR I. APPLETON, JR., Petitioner, AND THE GOVERNMENT OF THE
UNITED STATES VIRGIN ISLANDS, Intervenor <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7717-10.                    Filed May 22, 2013.

P, a U.S. citizen, was a permanent resident of the U.S. Virgin
Islands during 2002, 2003, and 2004.  P timely filed Form 1040, U.S.
Individual Income Tax Return, for each year as a territorial tax return
with the U.S. Virgin Islands Bureau of Internal Revenue (VIBIR)
pursuant to  I.R.C. sec. 932(c)(2).  Claiming he qualified for the gross
income tax exclusion provided by I.R.C. sec. 932(c)(4), P did not file a
Federal tax return for 2002, 2003, or 2004 or pay income tax to the
Internal Revenue Service.

More than three years after P filed his tax returns, R mailed P a
notice of deficiency determining income tax deficiencies and penalties
for 2002, 2003, and 2004.  R asserts that because the U.S. Virgin
Islands is a separate taxing jurisdiction, the Forms 1040 P filed with the
VIBIR are not properly filed Federal tax returns; and because P's
Federal tax filing obligations were unmet, R posits that

the I.R.C. sec. 6501(a) three-year period of limitations never commenced.

P replies that the Forms 1040 filed with the VIBIR met his Federal tax filing obligations and commenced the I.R.C. sec. 6501(a) period of limitations because (1) they were "returns" as defined by Beard v. Commissioner, 82 T.C. 766 (1984), aff'd, 793 F.2d 139 (6th Cir. 1986), and (2) they were filed with the VIBIR as directed by I.R.C. sec. 6091, the regulations promulgated thereunder, and R's filing instructions. Consequently, P asserts, in a motion for summary judgment, that R's notice of deficiency is time barred.

Held: Forms 1040 P filed with the VIBIR for 2002, 2003, and 2004 met P's Federal tax filing obligations.

Held, further, the period of limitations commenced when P filed his returns with the VIBIR, and the period of limitations expired before R's mailing of the notice of deficiency.

Held, further, P's motion for summary judgment will be granted.

Randall P. Andreozzi, Edward Doyle Fickess, Ryan M. Murphy, Teia M. Bui, and Michael J. Tedesco, for petitioner.[*]

Vincent F. Frazer, Barry J. Hart, Gene C. Schaerr, Tamika M. Archer, and Christopher M. Bruno, for intervenor.

---

[*]Briefs amici curiae were filed by Richard C. Stark, Robert A. Katcher, and Saul Mezei as attorneys for Bingham McCutchen, LLP, and by Marjorie Rawls Roberts as attorney for Marjorie Rawls Roberts, P.C.

Ladd Christman Brown, Jr., Justin L. Campolieta, Randall L. Eager, Jr.,
Brian J. Bilheimer, Edward J. Laubach, Jr., James G. Hartford, and Jacob Russin,
for respondent.


OPINION


JACOBS, Judge:  This case is before the Court on petitioner's motion for
summary judgment filed pursuant to Rule 121.  The specific question to be decided
is whether the section 6501 period of limitations on assessment and collection
expired before the date respondent mailed petitioner the notice of deficiency.  For
the reasons set forth infra, we will grant petitioner's motion.

All section references are to the Internal Revenue Code (Code) in effect for
the years at issue unless otherwise indicated, and all Rule references are to the Tax
Court Rules of Practice and Procedure.  At the time petitioner filed his petition, he
resided in the U.S. Virgin Islands (Virgin Islands).

Background

Petitioner is a U.S. citizen. He was a permanent resident of the Virgin Islands during the years at issue (i.e., 2002, 2003, and 2004).[1] He claims that for each of those years he was entitled to income tax benefits afforded under the Virgin Islands Industrial Development Program (EDP), currently codified at V.I. Code Ann. tit. 29, secs. 701-726 (1998 & Supp. 2010), through his interest in a purported Virgin Islands partnership.[2]

Petitioner filed a territorial income tax return with the Virgin Islands Bureau of Internal Revenue (VIBIR) for each of the years at issue pursuant to section 932(c)(2). Petitioner filed his 2002 return on October 14, 2003, his 2003 return on July 29, 2004, and his 2004 return on July 27, 2005. Asserting that his filing with the VIBIR and paying tax to the Virgin Islands satisfied his Federal tax filing and

[1]The parties have stipulated that petitioner was a "bona fide resident of the Virgin Islands" within the meaning of sec. 932 and a "permanent resident of the Virgin Islands" as that term was used in the instructions to Form 1040, U.S. Individual Income Tax Return, for the years at issue. Both terms are discussed more fully infra. The parties have also stipulated that as applied in this case, the term "permanent resident of the Virgin Islands" is synonymous and interchangeable with the term "bona fide resident of the Virgin Islands".

[2]To encourage investment in the Virgin Islands, companies participating in the EDP can receive substantial benefits including: a 90% exemption on local income taxes, a 90% exemption on the taxation of dividends, and a 100% exemption on gross receipts taxes. See Huff v. Commissioner, 135 T.C. 222, 227 (2010).

payment requirements pursuant to section 932(c)(4), petitioner did not file Federal income tax returns with, or pay income tax to, the Internal Revenue Service (IRS).

The IRS received copies of petitioner's 2002, 2003, and 2004 returns from the VIBIR,[3] and both the VIBIR and the IRS examined petitioner's territorial income tax returns. The VIBIR proposed no adjustments, but the IRS did, determining that petitioner did not qualify for the section 932(c)(4) gross income exclusion. Treating petitioner as a nonfiler, on November 25, 2009, respondent mailed petitioner a notice of deficiency in which he determined the following deficiencies in Federal income tax and additions to tax:

---

[3]The Virgin Islands uses the same income tax return form (i.e., Form 1040) that is used by the United States. The VIBIR forwarded copies of the first two pages of Form 1040; Schedule C, Profit or Loss From Business; Schedule C-EZ, Net Profit From Business; Form W-2, Wage and Tax Statement; and Form W-2VI, U.S. Virgin Islands Wage and Tax Statement, to the IRS. The record contains an IRS account transcript which states that the IRS received petitioner's 2003 income tax return on March 14, 2005, and that an examination of that return commenced on August 4, 2005. The record does not reveal the dates on which the IRS received copies of petitioner's 2002 and 2004 income tax returns. Nor does the record reveal the date the IRS commenced examining petitioner's 2002 and 2004 income tax returns.

| Year | Deficiency | Additions to tax | | |
| --- | --- | --- | --- | --- |
| | | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654 |
| 2002 | $283,555 | $35,563.73 | $39,515.25 | $9,045.50 |
| 2003 | 789,518 | 147,943.58 | 164,381.75 | 20,370.53 |
| 2004 | 280,241 | 56,728.35 | 63,031.50 | 8,030.86 |

Attached to the notice of deficiency was a Form 4549-A, Income Tax Discrepancy Adjustments, which set forth the basis for the income tax deficiencies and additions to tax at issue herein:

> You do not, however, qualify for the gross income exclusion under section 932(c)(4) of the Internal Revenue Code (I.R.C.) for any of those taxable years. During each of the taxable years 2002, 2003, and 2004, you actively participated in an arrangement that lacks economic purpose and economic substance that was created to improperly claim a 90% credit against your income tax liabilities in a scheme similar to those [sic] described in Notice 2004-45 Meritless Position Based on Sections 932(c)(4) and 934(b), resulting in your failure to properly report and identify the source of each item of income shown on the return of income tax you filed with the USVI for each of those years.[4]

---

[4]In 2004 the IRS issued Notice 2004-45, 2004-2 C.B. 33, in which it stated that it intended to challenge "highly questionable, and in most cases meritless, positions" of certain U.S. citizens who claimed to be residents of the Virgin Islands in order to avoid U.S. taxation by claiming substantial tax benefits arising from the tax policies enacted by the Government of the Virgin Islands, including the 90% income tax reduction referenced supra note 2. See Huff v. Commissioner, 135 T.C. at 228.

(continued...)

Petitioner timely filed his petition with this Court on April 1, 2010.[5]

_____

[4](...continued)

Notice 2004-45, 2004-2 C.B. at 33, states that the "highly questionable" positions being challenged are promoted to taxpayers in a variety of forms; however, they are frequently promoted in the following manner:

Promoters typically approach a taxpayer (Taxpayer) living and working in the United States and advise Taxpayer to (i) purport to become a USVI resident by establishing certain contacts with the USVI, (ii) purport to terminate his or her existing employment relationship with his or her employer (Employer) and (iii) purport to become a partner of a Virgin Islands limited liability partnership ("V.I.LLP") that is treated as a partnership for U.S. tax purposes. V.I.LLP then purports to enter into a contract with Employer to provide Employer with substantially the same services that were provided by Taxpayer prior to the creation of this arrangement. Typically, after entering into the arrangement, Taxpayer continues to provide substantially the same services for Employer that he or she provided before entering into the arrangement, but Taxpayer is nominally a partner of V.I.LLP instead of an employee of Employer.

Under this arrangement, Employer makes payments to V.I.LLP for Taxpayer's services and no longer treats the payments as wages paid to Taxpayer subject to the withholding and payment of employment taxes and reporting on Taxpayer's Form W-2. V.I.LLP, in turn, makes payments to Taxpayer for his or her services to Employer. V.I.LLP typically treats these payments for tax accounting purposes either as guaranteed payments for services or as distributions of Taxpayer's allocable share of partnership income. Under this arrangement, the promoter may be a general partner in V.I.LLP and may retain a percentage of the fees received from Employer.

[5]Because petitioner's mailing address was outside the United States (his mailing address was in the Virgin Islands), the deadline to file his petition was April 23, 2010 (i.e., 150 days after the mailing of the notice of deficiency). See sec.

(continued...)

Petitioner contends that the Code and the regulations promulgated thereunder by the Secretary, as well as the IRS' instructions and tax forms, required him to file his tax returns for the years at issue with the VIBIR. Petitioner maintains such filing constitutes a Federal tax return filing. On the other hand, respondent posits that although petitioner timely filed income tax returns with the VIBIR, those returns were Virgin Islands territorial returns, not Federal income tax returns.

On November 8, 2011, petitioner filed the instant motion for summary judgment in which he asserts that because the notice of deficiency was mailed more than three years after he had filed his 2002, 2003, and 2004 returns with the VIBIR, the section 6501(a) period of limitations bars the assessment of tax by respondent for the years at issue.[6] On November 9, 2011, intervenor filed a motion for summary judgment, which was amended on November 28, 2011, which also asserts that respondent's notice of deficiency was time barred and hence invalid. A hearing on petitioner's motion was held on October 17, 2012.

---

[5](...continued)
6213(a).

[6]The bar of the period of limitations is an affirmative defense, and must be specifically pleaded and proven by the party raising this defense. Rules 39, 142(a); Mecom v. Commissioner, 101 T.C. 374, 382 (1993), aff'd without published opinion, 40 F.3d 385 (5th Cir. 1994); Daniels v. Commissioner, T.C. Memo. 2012-355. Respondent acknowledges that petitioner has properly pleaded the statute of limitations defense.

## Discussion

### I.   Summary Judgment

Summary judgment is appropriate if the pleadings and other materials show that there is no genuine issue as to any material fact and a decision may be rendered as a matter of law.  Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994).  The moving party bears the burden of proving that there is no genuine issue of material fact, and the Court views all factual materials and inferences in the light most favorable to the nonmoving party. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985).  Rule 121(d) provides that where the moving party properly makes and supports a motion for summary judgment "an adverse party may not rest upon the mere allegations or denials of such party's pleading", but rather must set forth specific facts, by affidavits or otherwise, "showing that there is a genuine issue for trial." All parties agree that for purposes of deciding petitioner's motion for summary judgment, but for the running of the period of limitations there would be a deficiency in petitioner's income tax with respect to each of the years at issue.

### II.   The Virgin Islands

The Virgin Islands is an insular area of the United States; it is classified as an unincorporated territory by 48 U.S.C. sec. 1541(a) (2006) and is not part of one of the 50 States or the District of Columbia. It is generally not a part of the United States for tax purposes. See sec. 7701(a)(9).

Congress established the "mirror tax system" as the tax law of the Virgin Islands in 1921. Act of July 12, 1921, ch. 44, sec. 1, 42 Stat. at 123 (codified as amended at 48 U.S.C. sec. 1397 (2006)); see Danbury, Inc. v. Olive, 820 F.2d 618, 620 (3d Cir. 1987). Under the mirror tax system, the Virgin Islands uses the Code with "Virgin Islands" effectively substituted for "United States", and vice versa. See Danbury, Inc., 820 F.2d at 620. Originally, corporations and U.S. citizens residing in the Virgin Islands who received both U.S. and Virgin Islands source income were required to file returns and pay taxes to both jurisdictions.

In 1954 Congress modified the administration of the mirror tax system and established the "inhabitant rule" by enacting the Revised Organic Act of the Virgin Islands (ROA), ch. 558, sec. 28, 68 Stat. at 508 (1954).[7] ROA sec. 28(a) provided

---

[7]Sec. 7651(5)(B) of the Internal Revenue Code of 1954 implemented the inhabitant rule by providing that "For purposes of this title * * * section 28(a) of the Revised Organic Act of the Virgin Islands shall be effective as if such section had been enacted subsequent to the enactment of this title." See Huff v. Commissioner 135 T.C. at 224-227, for a discussion of the history of taxation in the Virgin Islands
(continued...)

that corporations and individuals whose permanent residence is in the Virgin Islands satisfied their U.S. income tax obligations by "paying their tax on income derived from all sources both within and outside the Virgin Islands into the treasury of the Virgin Islands".  The ROA also provided that any taxes levied by Congress on the inhabitants of the Virgin Islands would be covered into (i.e., paid to) the Virgin Islands Treasury.  Id.

In 1986 Congress repealed the inhabitant rule by enacting the Tax Reform Act of 1986 (TRA), Pub. L. No. 99-514, sec. 1274(a), 100 Stat. at 2596, and amended in 1988.  As part of the TRA, Congress enacted a new section 932,[8] which coordinates U.S. and Virgin Islands income taxes for individuals who are bona fide residents of the Virgin Islands.[9]

SEC. 932.  COORDINATION OF UNITED STATES AND

---

[7](...continued)
and the "mirror tax system" which governs Virgin Islands taxation.

[8]While Congress enacted sec. 932 to protect individuals from reverting to the old dual filing requirement rule, no similar law was enacted with respect to corporations.  Consequently, corporations have a dual filing requirement and must file separate tax returns with the United States as well as the Virgin Islands.  See Condor Int'l, Inc. v. Commissioner, 78 F.3d 1355, 1358-1359 (9th Cir. 1996), aff'g in part, rev'g in part 98 T.C. 203 (1992).

[9]See Vento v. Dir. of V. I. Bureau of Internal Revenue, ___ F.3d ___, 2013 WL 1632735 (3d Cir. Apr. 17, 2013), for an analysis of whether a taxpayer's claimed residency in the Virgin Islands is bona fide.

VIRGIN ISLANDS INCOME TAXES.

(c) Treatment of Virgin Islands Residents.--

(1) Application of subsection.--This subsection shall apply to an individual for the taxable year if--

(A) such individual is a bona fide resident of the Virgin Islands at the close of the taxable year,[10] or

(B) such individual files a joint return for the taxable year with an individual described in subparagraph (A).

(2) Filing Requirement.--Each individual to whom this subsection applies for the taxable year shall file an income tax return for the taxable year with the Virgin Islands.[11]

(3) Extent of Income Tax Liability.--In the case of an individual to whom this subsection applies in a taxable year for purposes of so much of this title (other than this section and section 7654) as relates to the taxes imposed by this chapter, the Virgin Islands shall be treated as including the United States.

(4) Residents of the Virgin Islands.--In the case of an individual--

---

[10]The American Jobs Creation Act of 2004, Pub. L. No. 108-357 sec. 908(c)(2), 118 Stat. at 1656, amended sec. 932(c)(2), replacing "at the close of the taxable year" with "during the entire taxable year", effective for tax years ending after October 22, 2004.  As respondent concedes petitioner was a bona fide resident of the Virgin Islands for all years at issue, this change does not affect our decision.

[11]U.S. citizens or residents (other than those who are bona fide residents of the Virgin Islands) who have income derived from sources within the Virgin Islands or effectively connected to a Virgin Islands trade or business are explicitly required to file returns with both the United States and the Virgin Islands.  Sec. 932(a)(2).

(A) who is a bona fide resident of the Virgin Islands at the close of the taxable year,

(B) who, on his return of income tax to the Virgin Islands, reports income from all sources and identifies the source of each item shown on such return, and

(C) who fully pays his tax liability referred to in section 934(a) to the Virgin Islands with respect to such income,

for purposes of calculating income tax liability to the United States, gross income shall not include any amount included in gross income on such return, and allocable deductions and credits shall not be taken into account.[12]

If a bona fide resident of the Virgin Islands does not meet the provisions of section 932(c)(4) and is compelled to file a Federal tax return, any tax collected by the IRS must be covered over to the Virgin Islands.  48 U.S.C. sec. 1642 (2006).  Thus, any tax collected in this matter by the United States would be covered over to the Government of the Virgin Islands.[13]

---

[12]Sec. 932(c) is not included in the mirror code and is not an element of the Virgin Islands territorial tax system.  See S. Rept. No. 100-445, at 314-315 (1988), 1988 U.S.C.C.A.N. 4515, 4825-4826.

[13]At the October 17, 2012, hearing, the Court queried respective counsel for respondent and intervenor as to why their clients took opposing positions in this matter even though all funds collected by the IRS would be covered over to the Virgin Islands.  Respondent's counsel stated that the IRS has a duty to protect the

(continued...)

III.    Federal Tax Filing Requirements

As a U.S. citizen, petitioner is subject to Federal reporting requirements and taxation on his worldwide income as set forth in the Code.  See e.g., Cook v. Tait, 265 U.S. 47, 56 (1924); Huff v. Commissioner, 135 T.C. 222, 230 (2010).  Several sections of the Code govern an individual's filing requirements.  Section 6012(a)(1)(A) provides that every individual having for the taxable year gross income which equals or exceeds the exemption amount, with certain exceptions not applicable in this matter, shall file an income tax return.  Thus, there exists a choreographed interplay between sections 6012(a) and 932(c) of the Code which, together with mirror code section 6012(a), governs the tax filing responsibilities of individuals having income equal to or in excess of the exemption amount.

Although an individual having for the taxable year gross income which equals or exceeds the exemption amount must file a Federal tax return, section 932(c)(2)

---

[13](...continued)
entire Federal taxing system by promoting fair tax administration and that every dollar involved in an abusive transaction or scheme should be taxed.  Counsel for intervenor stated that the Virgin Islands is involved in this matter because "we want the jobs" and "the IRS's position is a job killer."  Additionally, intervenor's counsel stated that "we are concerned about our own residents" and if the Virgin Islands accepted the IRS' position, Virgin Islands residents, after paying taxes to the VIBIR, would always be "uncertain as to whether they reached a finality with their government."

directs bona fide residents of the Virgin Islands to file income tax returns with the Virgin Islands (through the VIBIR), and section 932(c)(4) (flush language) exempts both U.S. source income and Virgin Islands source income from U.S. taxation if all of the requirements of section 932(c)(4) are met. But if any requirement of section 932(c)(4) is not satisfied, then the individual falls back into the Federal tax reporting and payment system, because his/her income would no longer be excluded for purposes of calculating his/her U.S. tax liability. Respondent contends that petitioner did not satisfy all of the requirements of section 932(c)(4), and hence he was required to file Federal tax returns pursuant to section 6012(a)(1)(A) for each of the years at issue.[14]

For purposes of deciding petitioner's motion, applying the principle that any inference to be drawn must be viewed in a light most favorable to the nonmoving

_____

[14]The residual U.S. tax liability was emphasized by the 1988 amendment to the TRA in the Technical and Miscellaneous Revenue Act of 1988 (TAMRA), Pub. L. No. 100-647, sec. 1012(w)(3), 102 Stat. at 3530. Sec. 932(c)(2) originally provided that an individual affected by subsection (c) "shall file his income tax return for the taxable year with the Virgin Islands." This was changed in 1988 to "shall file an income tax return". This change was made "to make it clear that individuals who do not comply with all requirements for U.S. tax exemption will have to file a U.S. return." S. Rept. No. 100-445, supra at 315, 1988 U.S.C.C.A.N. at 4826-4827.

party, Espinoza v. Commissioner, 78 T.C. 412 (1982), we assume petitioner does not meet all of the requirements of section 932(c)(4) and accordingly has fallen back into the Federal reporting and payment system. Specifically, we assume that petitioner does not meet the requirements of section 932(c)(4)(B) (that he did not report income from all sources and identify the source of each item shown on his tax returns) and section 932(c)(4)(C) (that he did not fully pay his tax liabilities to the Virgin Islands with respect to his income).[15] We therefore begin our task of deciding petitioner's motion by turning to section 7654(e), which provides that the Secretary shall prescribe such regulations as may be necessary to carry out the provisions of section 932, including prescribing the information which individuals to whom section 932 applies must furnish to the Secretary. The Secretary did not, however, promulgate regulations for the years at issue. Consequently, we turn to other sections of the Code, as well as regulations and instructions published by the IRS, for guidance as to the place where petitioner must file his tax returns for the years at issue.

Section 6091 generally governs the place where U.S. taxpayers are required

---

[15]As noted elsewhere in this Opinion, respondent concedes that petitioner meets the requirement of sec. 932(c)(4)(A); i.e., that petitioner was a bona fide resident of the Virgin Islands during the years at issue.

to file their tax returns.  Section 6091(b)(1)(B)(ii) (flush language) provides that

"citizens of the United States whose principal place of abode * * * is outside the

United States" shall file their tax returns "at such place as the Secretary may by

regulations designate."  Pursuant to the authority granted him by the statute, the

Secretary promulgated section 1.6091-1(a), Income Tax Regs., which provides that,

in general, whenever an income tax return is required to be filed and the place

for filing the return is not provided by the Code, the return shall be filed at the place

prescribed by the regulations.

During the years at issue section 1.6091-3(c), Income Tax Regs., provided

that income tax returns of an "individual citizen of a possession of the United

States"[16] (whether or not a citizen of the United States) who has no legal residence

or principal place of business in any internal revenue district in the United States

shall be filed with (1) the Director of Internal Operations, Internal Revenue Service,

Washington, DC 20225, or (2) the District Director, or (3) the director of the service

---

[16]The term "individual citizen of a possession of the United States" is not defined in the regulations.  However, as noted supra note 1, the parties have stipulated that petitioner is both a "bona fide resident of the Virgin Islands" within the meaning of sec. 932, and a "permanent resident of the Virgin Islands" as that term is used in the instructions to Form 1040, during the years at issue.  We thus are satisfied that during the years at issue, petitioner was "an individual citizen of a possession of the United States" within the meaning of sec. 1.6091-3(c), Income Tax Regs.

center, depending on the appropriate officer designated on the return form or in the instructions issued with respect to the form.

As mentioned supra note 3, Virgin Islands taxpayers file their tax returns on the same Form 1040 that U.S. taxpayers use when they file their Federal tax returns. The instructions to Form 1040 for 2002, 2003, and 2004 provide specific filing instructions. Under the heading "Where do you file", for each year the instructions state that "All APO, FPO addresses, American Samoa, nonpermanent residents of Guam or the Virgin Islands*, Puerto Rico (or if excluding income under Internal Revenue Code section 933), dual-status aliens, a foreign country: U.S. citizens and those filing Form 2555, 2555-EZ, or 4563" shall use the address of "Internal Revenue Service Center Philadelphia, PA 19255-0215 USA".

In a footnote the instructions state that permanent residents of Guam should use the address of the Guam Department of Revenue and Taxation. Continuing, the footnote states that "permanent residents of the Virgin Islands should use: V.I. Bureau of Internal Revenue, 9601 Estate Thomas, Charlotte Amalie, St. Thomas, VI 00802" when filing their Form 1040 individual income tax returns.[17]

---

[17]It appears that when the inhabitant rule was replaced by sec. 932, the IRS failed to update the instructions to Form 1040 and continued to use the terms "permanent resident of the Virgin Islands" and "nonpermanent resident of the Virgin

(continued...)

IV.  Section 6501(a) Period of Limitations

The regulations and the instructions issued by the IRS regarding income tax return filings are significant for the resolution of petitioner's motion because the period of limitations on assessment commences only when a tax return has been properly filed.  Section 6501(a) governs the period of limitations.  It provides: "Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed * * *.  For purposes of this chapter, the term 'return' means the return required to be filed by the taxpayer".  Thus, we must determine whether the Forms 1040 filed by petitioner with the VIBIR were the returns required to be filed and, if so, were they properly filed?  Unless the answers to both of these questions are in the affirmative, pursuant to section 6501(c)(3) tax may be assessed against petitioner at any time and petitioner's motion must be denied.

A.  Petitioner's Returns Are "Required Returns".

A return that commences the period of limitations is the return required to be filed for purposes of section 6501(a)(1).  The return must include "the information required by the applicable regulations or forms."  Sec. 1.6011-1(a), Income Tax

---

[17](...continued)
Islands" despite their obsolescence.

Regs. The Code does not define what constitutes a return. See Mendes v. Commissioner, 121 T.C. 308, 329 (2003) (Vasquez, J., concurring); Swanson v. Commissioner, 121 T.C. 111, 122-123 (2003). However, on the basis of the Supreme Court's opinions in Zellerbach Paper Co. v. Helvering, 293 U.S. 172 (1934), and Florsheim Bros. Drygoods Co. v. United States, 280 U.S. 453 (1930), we used the following four-part test in Beard v. Commissioner, 82 T.C. 766, 777 (1984), aff'd, 793 F.2d 139 (6th Cir. 1986), in determining whether a document filed qualifies as a valid return for purposes of section 6501(a): (1) the document must contain sufficient data to calculate tax liability; (2) the document must purport to be a return; (3) there must be an honest and reasonable attempt to satisfy the requirements of the tax law; and (4) the taxpayer must have executed the document under penalties of perjury. Perfect accuracy is not required for the document to constitute a return. Zellerbach Paper Co., 293 U.S. at 180; see also Badaracco v. Commissioner, 464 U.S. 386, 396-397 (1984) ("[a] document which on its face plausibly purports to be in compliance, and which is signed by the taxpayer, is a return despite its inaccuracies."); Germantown Trust v. Commissioner, 309 U.S. 304, 310 (1940) ("It cannot be said that the petitioner     * * * made no return of the tax imposed by the statute. Its return may have been incomplete in that it failed to compute a tax, but this defect falls short of rendering it no return whatsoever.").

Respondent argues that the Forms 1040 petitioner filed with the VIBIR do not meet all of the requirements of the Beard test. First, respondent asserts that petitioner's Forms 1040 were inaccurate and therefore do not contain sufficient data to calculate petitioner's tax liability: "If petitioner had filed a federal income tax return, it would have differed significantly from the forms filed with the VIBIR. The federal income tax returns would instead mirror the statutory notice of deficiency computations and amounts." Moreover, respondent asserts the Forms 1040 do not purport to be returns because petitioner intended only to satisfy his Virgin Islands obligations, not his Federal filing obligations, by filing the documents. However, respondent later acknowledges that

> Intervenor begins its reply * * * with the conjecture that respondent would not challenge the Forms 1040 filed by petitioner with the VIBIR if such returns had been filed with the IRS. Intervenor relies on Germantown Trust Co. v. Commissioner, 309 U.S. 304 (1940), holding that a tax return does not have to be perfect to qualify as a tax return. While respondent agrees with this premise, the reality is that petitioner filed no returns with the IRS.

By this acknowledgment, we believe that respondent concedes that the Forms 1040 petitioner filed with the VIBIR are returns within the meaning of section 6501(a)(1), sufficient to trigger the running of the period of limitations if properly filed. We therefore turn our attention to whether the returns were properly filed for purposes of commencing the section 6501(a) period of limitations.

B.    Petitioner's Returns Were Properly Filed.

In Lucas v. Pilliod Lumber Co., 281 U.S. 245, 249 (1930), the Supreme

Court noted that "[u]nder the established general rule a statute of limitations runs

against the United States only when they assent and upon the conditions

prescribed."  The Supreme Court  concluded that to secure the benefit of the

limitation, there must be "meticulous compliance by the taxpayer with all named

conditions in order to secure the benefit of the limitation".  Id.; see Allnut v.

Commissioner, 523 F.3d 406, 413 n.5 (4th Cir. 2008), aff'g T.C. Memo. 2002-311.

Relying on Lucas v. Pilliod Lumber Co., we stated in Winnett v. Commissioner, 96

T.C. 802, 808 (1991):

> To "meticulously comply" with the conditions for commencing the
> running of the statute of limitations, a taxpayer must file his return
> where section 6091 or the regulations promulgated thereunder require
> the return to be filed.  Thus, we hold that for purposes of determining the
> commencement of the limitations period (when the timely mailing rule
> does not apply), a return is not deemed "filed" until it is received by
> the revenue office designated to receive such return.

Accordingly, this Court, as well as others, has held on several occasions that filing a

return with the wrong IRS representative does not constitute "filing" for purposes of

commencing the limitations period.  Winnett v. Commissioner, 96 T.C. at 808-809;

see Allnutt v. Commissioner, 523 F.3d 406 (holding that taxpayer's hand delivery of

returns to wrong individual does not constitute a filing); O'Bryan Bros., Inc. v.

Commissioner, 127 F.2d 645 (6th Cir. 1942) (holding that mailing of return to an

IRS agent does not constitute a filing), aff'g 42 B.T.A. 18 (1940); see also

Congelliere v. Commissioner, T.C. Memo. 1990-265 (holding that a return

incorrectly filed with a service center rather than the District Director is disregarded

for purposes of determining when the 60-day period for issuing the notice of

deficiency for the termination year begins to run).

We must determine whether petitioner, by filing his returns with the VIBIR,

"meticulously complied" with the conditions for commencing the period of

limitations. In so doing, we must determine whether the VIBIR was the correct

revenue office designated by the Secretary and the IRS to receive petitioner's

returns. For the reasons set forth infra, we hold that it was.

The Secretary, using the authority expressly granted to him by section

6091(b)(1)(B), promulgated section 1.6091-3(c), Income Tax Regs., which requires

taxpayers like petitioner, residing in a possession of the United States, to file their

tax returns as designated on the return forms or in the instructions issued

with respect to those forms. The instructions to Form 1040 are explicit: The form is

to be filed with the VIBIR.[18]

---

[18]In determining where a permanent resident of the Virgin Islands should file

(continued...)

Respondent acknowledges that section 6091 and the regulations promulgated thereunder are the starting points for determining where a tax return should be filed and that the Form 1040 instructions direct permanent residents of the Virgin Islands to file with the VIBIR. But respondent asserts on brief that the "instructions do not explicitly take into account the Service's position with regard to those individuals who claim to be, but are not, exempt from their federal income tax filing obligation under section 6012 because they do [sic] meet all of the requirements of section 932(c)(2)." Moreover, respondent's brief states that when the Form 1040 instructions are read together with IRS Publication 570, "respondent's instructions clearly lead to the conclusion that the petitioner fell within the general place-of-filing rule for individual taxpayers living abroad", and therefore petitioner was required to file a protective return with the Internal Revenue Service Center in Philadelphia, Pennsylvania.[19] Specifically, respondent's brief states:

> Common sense dictates that petitioner, knowing he did not meet all
> three requirements of section 932(c)(4), should have filed a federal

---

[18](...continued)
his/her tax return, we have considered IRS Publication 570, Tax Guide for Individuals With Income From U.S. Possessions, and I.R.S. F.S.A. 199906031 (Feb. 12, 1999), which we believe a meticulous taxpayer researching his/her filing requirements would have found. Nothing in these documents leads us to a different conclusion.

[19]See our discussion regarding the Form 1040 instructions supra pp. 17-18.

> income tax return with the Philadelphia Service Campus.  If petitioner had any doubts as to where to file his federal tax return, he could have  called the Service's toll-free phone line, (800) 829-1040, to seek advice, but there is nothing in the record that indicates petitioner sought any advice from the Service.

At the October 17, 2012, hearing, respondent's counsel, in an attempt to clarify the position set forth in respondent's briefs, stated:  "What our briefs set out is that there was enough instructions in the publication out there where Mr. Appleton to

[sic] reasonable to come to the conclusion that he should have filed that return with zeroes on it with the Philadelphia Service Center."

We find respondent's position unconvincing for several reasons.  First, we do not accept respondent's assertion that a permanent resident of the Virgin Islands would reasonably consider himself/herself to be a taxpayer living abroad.  Indeed, the instructions to Form 1040 make it clear that individuals living in a foreign country (who are directed to file their returns with the Philadelphia Service Center) are a separate category from those individuals who are permanent residents of the Virgin Islands.  Second, we do not agree with respondent's counsel's comment that "common sense dictates that petitioner" should have known that he should file a protective Federal income tax return with the Philadelphia Service Center, because (1) for the years at issue, no IRS document has been brought to our attention that

stated that such a filing should have been made, and (2) there is no indication that the IRS employees at the Philadelphia Service Center were instructed to expect that permanent residents of the Virgin Islands were to file protective returns at that center. And finally, we question the logic of counsel's suggestion that the protective returns which petitioner purportedly should have filed should have zeros entered on it, inasmuch as tax returns which reflect zero income and zero tax liability are generally characterized by this Court, the IRS, and others, as frivolous. See United States v. Mosel, 738 F.2d 157 (6th Cir. 1984); Grunsted v. Commissioner, 136 T.C. 455, 460 (2011); Alexander v. Commissioner, T.C. Memo. 2012-75; Blaga v. Commissioner, T.C. Memo. 2010-170; Notice 2010-33, 2010-17 I.R.B. 609. In sum, to expect a taxpayer to file a protective zero return with a service center to which the taxpayer was not directed, and where IRS employees were not alerted to expect such returns, is unreasonable.[20]

---

[20]Respondent, in his brief, asserts that sec. 1.874-1(b)(6), Income Tax Regs., states that nonresident aliens who conduct limited activities in the United States may file a protective return which reports no income to protect the right to receive the benefit of deductions and credits should the IRS determine that such a nonresident alien earned U.S. source income or income effectively connected to a U.S. trade or business. Respondent's argument is inapposite. Bona fide residents of the Virgin Islands are not nonresident aliens, and we do not believe that either bona fide residents of the Virgin Islands or IRS employees would make the substantial "logical" leap respondent requests us to assume they would make.

It was only after respondent began investigating the transactions referred to in Notice 2004-45, 2004-2 C.B. 33, that the IRS released Chief Counsel Advice 200624002 (June 16, 2006) which stated that the section 6501(a) period of limitations remained open with respect to a U.S. citizen who timely filed an income tax return with the VIBIR, if he/she failed to meet all of the requirements of section 932(c)(4). In 2007 the IRS modified that position in Notice 2007-19, 2007-1 C.B. 689, and gave notice of its position that bona fide residents who earned $75,000 or more were required to file a second return with the IRS in Bensalem, Pennsylvania, reporting no gross income and no taxable income (i.e., a zero return) and attach thereto a four-part statement (titled "Bona Fide Residence-Based Return Position") containing certain information set forth in the notice in order to start the running of the section 6501(a) period of limitations. In contrast, returns filed with the VIBIR by bona fide residents with income below $75,000 would commence the period of limitations. Notice 2007-19, supra, emphasized that the IRS position taken therein was retroactive and that prior years would remain open until such filings were made.

Within two months after the issuance of Notice 2007-19, supra, the IRS abandoned the aforementioned income-level distinction on a prospective basis in Notice 2007-31, 2007-1 C.B. 971, and announced that for tax years ending on or

after December 31, 2006, a tax return filed with the VIBIR by a U.S. citizen claiming to be a bona fide resident of the Virgin Islands would commence the section 6501(a) period of limitations for Federal tax purposes. However, Notice 2007-31, supra, stated that for tax years ending before December 31, 2006, the rules set forth in Notice 2007-19, supra, would remain effective, if the taxpayer so chose.[21] While all of these changes were taking place, the instructions to Form 1040 continued to direct permanent residents of the Virgin Islands to file their income tax return with the VIBIR; the instructions made no mention of any other filing requirements.

We do not challenge respondent's right to modify an individual's reporting requirements. Indeed, section 7654(e) expressly delegates to the Secretary the power to "prescribe such regulations as may be necessary to carry out the

---

[21]In 2008, under the authority granted to him in sec. 7654(e), the Secretary promulgated sec. 1.932-1(c)(2)(ii), Income Tax Regs., which provides that for all tax years ending on or after December 31, 2006, for purposes of the sec. 6501(a) period of limitations, an income tax return filed with the Virgin Islands by an individual who takes the position that he or she is a bona fide resident of the Virgin Islands will be deemed a U.S. income tax return, provided the United States and the Virgin Islands have an operating working arrangement similar to the one discussed in Notice 2007-31, 2007-1 C.B. 971. However, for tax years ending before December 31, 2006, the interim rules of Notice 2007-19, 2007-1 C.B. 689, would still be applied. Respondent concedes that this regulation does not apply for the years at issue; therefore, he does not claim the deference afforded to regulations by Chevron, U.S.A., Inc. v. Nat'l Res. Def. Council, Inc., 467 U.S. 837 (1984).

provisions of * * * [section] 932, including * * * prescribing the information which the individuals to whom such sections may apply shall furnish to the Secretary." But this broad authority was not exercised, and no such regulations were in effect for the years at issue. Rather, the only regulations in effect for the years at issue were those which made it clear that permanent residents of the Virgin Islands were to file their tax returns with the VIBIR. Retroactive notices published by the IRS do not have the force and effect of law, nor are they regulatory. At best these notices can be considered as the IRS' litigating position. Standley v. Commissioner, 99 T.C. 259, 267 n.8 (1992), aff'd without published opinion, 24 F.3d 249 (9th Cir. 1994); Hellweg v. Commissioner, T.C. Memo. 2011-58.

Respondent posits that the returns petitioner filed with the VIBIR cannot be determined to satisfy Federal reporting requirements because (1) the United States and the Virgin Islands are separate taxing jurisdictions and (2) petitioner has separate obligations to each jurisdiction. In support of this position, respondent points out that the inhabitant rule was repealed in 1986; accordingly, respondent maintains, Virgin Islands taxpayers could no longer automatically satisfy their Federal tax obligations by filing with, and paying tax to, the Virgin Islands. To rule otherwise, respondent asserts, would negate the purpose of section 932(c). We disagree.

In support of his argument, respondent cites our Opinion in Huff v. Commissioner, 135 T.C. 222, wherein we refer to returns filed with the VIBIR as "territorial returns", see id. at 223, and taxes paid to the Virgin Islands as "territorial tax", see id. at 225. Respondent contends that our discussion in Huff relating to the taxpayer's additional filing obligation if all of the requirements of section 932(c)(4) are not met, and specifically our statement that the taxpayer "will be required to file a Federal income tax return even if he filed a Virgin Islands tax return", supports his position. See id. at 230. Respondent is wrong.

Respondent misapplies our statements in Huff. We did not address therein the question whether a tax return filed with the VIBIR pursuant to section 932(c)(2) is "the return required to be filed by the taxpayer" under section 6501. Nor did we address therein whether the taxpayer's return filings with the VIBIR were sufficient to trigger the commencement of the section 6501(a) period of limitations.[22] Rather, we held only that the United States and the Virgin Islands are separate taxing jurisdictions within the context of our judicial jurisdiction. The Virgin Islands,

---

[22]Our references to "territorial" in Huff v. Commissioner, 135 T.C. 605 (2010), Huff v. Commissioner, 138 T.C. 258 (2012), and Appleton v. Commissioner, 135 T.C. 461 (2010), rev'd, 430 Fed. Appx. 135 (3d Cir. 2011), do not reach the question of filing requirements, nor do they reach the sec. 6501(a) period of limitations question.

through the VIBIR, administers and enforces its tax laws separately from the United States through the IRS. In the context of the matter therein before us (i.e., the redetermination of the deficiencies determined by the IRS), we held in Huff that we had jurisdiction to hear the case.

Respondent's position in this case (i.e., that petitioner should have filed two returns--one with the VIBIR and one with the IRS) is undermined by his position in Notice 2007-19, supra, which states that bona fide residents of the Virgin Islands who earn less than $75,000 may satisfy their Federal filing requirements by the single filing of a return with the VIBIR. Thus, to an extent, respondent accepts petitioner's argument that a return filed with the VIBIR may be both a Federal return and a territorial return.[23]

_____

[23] It is not unprecedented for a court to determine that a return filed in one tax jurisdiction may commence the period of limitations in a second tax jurisdiction. In Holmes v. Dir. of the Dep't of Revenue & Taxation, Gov't of Guam, 937 F.2d 481 (9th Cir. 1991), the Court of Appeals for the Ninth Circuit determined that the taxpayers' tax return filing in the Commonwealth of the Northern Mariana Islands (CNMI) commenced the period of limitations for the Guamanian Department of Revenue and Taxation. Guam and the CNMI also use mirror codes of the Code through which each jurisdiction administered its own income tax. The court in Holmes stated that Guam could request tax returns filed by CNMI taxpayers "simply by asking". If Guam failed to request such information, or neglected to act on that information while the period of limitations remained open, the court stated

(continued...)

We agree with respondent's position that if a taxpayer does not meet all of the section 932(c)(4) requirements, the taxpayer falls back into the Federal reporting and payment regime. In such a case, section 6091 governs the place for filing returns, and the regulations promulgated under section 6091, as well as the IRS' filing instructions, provide specific directions to taxpayers. But, as we previously discussed herein, those regulations and form instructions direct a permanent resident of the Virgin Islands to file his/her return with the VIBIR.

Finally, respondent relies on Condor Int'l, Inc. v. Commissioner, 78 F.3d 1355 (9th Cir. 1996), aff'g in part, rev'g in part 98 T.C. 203 (1992), and Commissioner v. Lane-Wells Co., 321 U.S. 219 (1944), to support his position. Both of these cases are inapposite.

Respondent cites Condor Int'l, Inc. for the proposition that the TRA did not simply replace the inhabitant rule with section 932 but also established a dual filing requirement for individuals who are bona fide residents of the Virgin Islands. We disagree. In Condor Int'l, Inc., the corporate taxpayer filed returns with the Virgin Islands only. The court found that this filing was insufficient to commence the

---

23(...continued)
that "its rights will expire, as would the rights of its counterpart on the mainland, the I.R.S." Id. at 484-485.

period of limitations for Federal tax purposes because, as we noted supra note 8, corporations are subject to the preinhabitant rule dual filing requirement and, as we noted, do not come under the purview of section 932. Moreover, unlike the instructions to Form 1040, the instructions to Form 1120, U.S. Corporation Income Tax Return, explicitly state that a corporation in the Virgin Islands must file a tax return with the IRS. If a corporation's principal business, office, or agency is located in "[a] foreign country or U.S. possession (or the corporation is claiming the Possessions [sic] corporation tax credit under sections 30A and 936)" and "the total assets at the end of the tax year (Form 1120, page 1, item D) are: * * * any amount", then the corporation is to "Use the following Internal Revenue Service Center address: * * * Philadelphia, PA 19255-0012".

Likewise, the holding in Lane-Wells Co. does not support respondent's position in this case. In that matter, the Supreme Court found that a taxpayer's normal corporate income tax return, Form 1120, did not commence the period of limitations with respect to a special surtax because the taxpayer did not file a separate return as required by the statute and the regulations. Respondent asserts that the situation in the instant case is analogous because "[s]ection 932(c)(4) implicitly requires territorial income tax to be paid to the USVI government and federal income tax to the United States" if its requirements are not met. We do not

find <u>Lane-Wells Co.</u> to be analogous to the instant situation. In <u>Lane-Wells Co.</u>, the taxpayer was required by the regulations to file Form 1120-H, U.S. Income Tax Return for Homeowners Associations, the special tax return for the surtax. Moreover, as the Supreme Court points out, during the year at issue Form 1120 stated that if the taxpayer fell into the category of corporations subject to the surtax, the taxpayer was required to file a Form 1120-H. <u>Commissioner v. Lane-Wells, Co.</u>, 321 U.S. at 220. The taxpayer in this case is an individual; thus, no such explicit requirement exists in this matter.

The discussions in <u>Condor Int'l Inc.</u> and <u>Lane-Wells, Co.</u> of the period of limitations occurred in a context where the corporate taxpayer knew that it had a second filing obligation but failed to comply with that obligation. Such is not the case in this matter. In this matter, respondent asserts that petitioner, an individual, should have understood that he had an implied obligation to file a second, separate return, an implied obligation for which respondent provided no notice until many years after the years at issue.

V.    <u>Conclusion</u>

On the basis of the foregoing, we conclude that petitioner has proven the section 6501(a) period of limitations on assessment expired before the date

respondent mailed petitioner the notice of deficiency. Accordingly, we shall grant petitioner's motion for summary judgment. Intervenor's motion for summary judgment will be denied as moot.

An appropriate order and decision will be entered.