GEORGE C. HUFF, PETITIONER *v*. COMMISSIONER
OF INTERNAL REVENUE, RESPONDENT

Docket No. 12942–09.          Filed August 17, 2010.

Claiming to be a bona fide resident of the U.S. Virgin
Islands at the close of 2002, 2003, and 2004, and claiming he
was qualified for the gross income tax exclusion provided by
I.R.C. sec. 932(c)(4), P, a U.S. citizen, filed territorial income
tax returns with the Virgin Islands Bureau of Internal Rev-
enue. He did not file Federal income tax returns for those
years. R determined that P was not a bona fide resident of the
Virgin Islands and was not qualified for the gross income tax
exclusion as claimed. Therefore, R issued a notice of deficiency
determining income tax deficiencies and penalties for 2002,
2003, and 2004. For protective reasons, P filed a petition in
this Court but asserts that the deficiency relates to a Virgin
Islands tax matter over which this Court lacks jurisdiction.
*Held*: Although this case involves putative Virgin Islands
transactions, the notice of deficiency determines deficiencies
in Federal income tax. Whether P satisfies all the require-
ments set forth in I.R.C. sec. 932(c)(4), and thus need not file
a Federal tax return or pay Federal income tax for 2002,
2003, and 2004, is a matter which this Court has jurisdiction
to decide. *Held, further*, P's motion to dismiss for lack of juris-
diction will be denied.

*William M. Sharp*, *Lawrence R. Kemm*, *Joseph A. DiRuzzo, III*, and *Marjorie Rawls Roberts*, for petitioner.

*Daniel N. Price* and *Ladd Christman Brown, Jr.*, for respondent.

## OPINION

JACOBS, *Judge*: This case is before the Court on petitioner's motion to dismiss for lack of jurisdiction. The specific question to be decided is whether this Court has jurisdiction to redetermine Federal income tax deficiencies and penalties of a U.S. citizen who claims (1) to be a bona fide resident of the U.S. Virgin Islands at the close of each of the years at issue (i.e., 2002, 2003, and 2004), and (2) to be exempt from U.S. tax filing and payment requirements as a consequence of his satisfying all the requirements of section 932(c)(4).

All section references are to the Internal Revenue Code (Code) in effect for the years at issue unless otherwise indicated.

### *Background*

Petitioner is a U.S. citizen. He resided in Florida when he filed his petition in this Court on May 28, 2009. Claiming to be a bona fide resident of the U.S. Virgin Islands (Virgin Islands) at the close of 2002, 2003, and 2004, petitioner (1) filed territorial income tax returns with the Virgin Islands Bureau of Internal Revenue (BIR) for 2002, 2003, and 2004, and (2) claimed he was qualified for the section 932(c)(4) gross income exclusion and therefore did not have to file a Federal income tax return or pay Federal income tax for those years. Following an audit of petitioner's 2002, 2003, and 2004 Virgin Islands income tax returns, on February 27, 2009, respondent issued petitioner a notice of deficiency determining the following Federal income tax deficiencies and additions to tax:

|  |  | *Additions to tax* | | |
| --- | --- | --- | --- | --- |
| *Year* | *Deficiency* | *Sec. 6651(a)(1)* | *Sec. 6651(a)(2)* | *Sec. 6654* |
| 2002 | $252,687 | $55,431.45 | $61,590.50 | - 0 - |
| 2003 | 88,350 | 18,586.35 | 20,651.50 | $2,129.22 |
| 2004 | 77,938 | 17,271.68 | 17,271.68 | 2,196.05 |

Attached to the notice of deficiency was a Form 4549–A, Income Tax Discrepancy Adjustments, which set forth the basis for the income tax deficiencies and additions to tax involved herein:

It is determined that during the taxable years 2002 through 2004 you were not a bona fide resident of the United States Virgin Islands (USVI). It is also determined that you participated in a tax avoidance scheme which involved improperly claiming to be a resident of the USVI and superficially recasting US-source income as USVI source income in order to inappropriately and invalidly claim a tax credit of 90% under the USVI Economic Development Program. It has also been determined that all transactions between NASCO Corporate Finance Consultants, LLC (NASCO) and American Benefits Institute, Inc. (ABI), Employers International, Inc. (EI), Professional Advisory Group, Inc. (PAG), and George C. Huff, including any entity controlled or owned in whole or in part by George C. Huff, are part of a series of step/sham transactions devoid of economic substance and will not be recognized for US federal income tax purposes. These step/sham transactions were part of a larger tax avoidance scheme and were entered into solely in an attempt to superficially recharacterize US-source income as USVI-source income in order to inappropriately and invalidly claim a tax credit of 90% under the USVI Economic Development Program. See IRS Notice 2004–45.

On May 28, 2009, petitioner filed a petition in this Court. On April 14, 2010, petitioner filed a complaint petition for redetermination of income taxes against the Commissioner of Internal Revenue in the U.S. District Court, District of the Virgin Islands, St. Thomas and St. John Division (District Court), case No. 1:10CV00026. On June 1, 2010, petitioner filed in this Court the motion in question.

## *Discussion*

### I. *The Virgin Islands*

The Virgin Islands are an insular area of the United States; they are a part of neither one of the 50 States nor the District of Columbia. They are generally treated as a foreign country for Federal income tax purposes. See sec. 7701(a)(9).

In 1921 Congress made a predecessor of the Code part of the internal law of the Virgin Islands. Act of July 12, 1921, ch. 44, sec. 1, 42 Stat. 123 (codified as amended at 48 U.S.C. sec. 1397 (2006)).

This 1921 statute set up the "mirror tax" system that remains in use: "Virgin Islands" is in effect substituted for "United States" (and vice versa) in the Internal Revenue Code so that, to satisfy Virgin Islands tax obligations, an individual or corporation in the Virgin Islands pays taxes to the BIR equivalent to the taxes an individual or corporation under the same circumstances in the United States would pay to the Internal Revenue Service. * * * [*Danbury, Inc. v. Olive*, 820 F.2d 618, 620 (3d Cir. 1987).]

As the law developed under the mirror tax system, the provisions of the Code have been made applicable to the Virgin Islands so long as the specific section to be applied is "'not manifestly inapplicable or incompatible' with a separate territorial income tax". *Chi. Bridge & Iron Co. v. Wheatley*, 430 F.2d 973, 976 (3d Cir. 1970) (quoting *Sayre & Co. v. Riddell*, 395 F.2d 407, 410 (9th Cir. 1968)).

The Internal Revenue Service (IRS) implemented the mirror tax system in 1935. Under the mirror tax system as implemented, some taxpayers, both business entities and individuals, were required to file two returns.

For example, a corporation considered "domestic" in the United States but doing business in the Virgin Islands was required to submit a return to the BIR, paying tax on income from sources in the Virgin Islands, and to submit a return to the Internal Revenue Service, paying tax on worldwide income, with a foreign tax credit allowed for the tax paid to the Virgin Islands. The mirror system, with its two separate taxing jurisdictions, operated similarly for citizens of the United States who resided in the Virgin Islands. * * * [*Danbury, Inc. v. Olive*, *supra* at 621.]

The 1954 Revised Organic Act of the Virgin Islands (ROA), ch. 558, sec. 28, 68 Stat. 508 (1954), modified the administration of the mirror tax system. ROA sec. 28(a) provided that the "proceeds of any taxes levied by the Congress on the inhabitants of the Virgin Islands * * * shall be covered into the treasury of the Virgin Islands, and shall be available for expenditure as the Legislature of the Virgin Islands may provide". The section also provided:

That the term "inhabitants of the Virgin Islands" as used in this section shall include all persons whose permanent residence is in the Virgin Islands, and such persons shall satisfy their income tax obligations under applicable taxing statutes of the United States by paying their tax on income derived from all sources both within and outside the Virgin Islands into the treasury of the Virgin Islands * * *. [*Id.*]

In 1986 the mirror tax system was again modified. Section 932(c)(4), enacted as part of the Tax Reform Act of 1986 (TRA

1986), Pub. L. 99–514, sec. 1274(a) 100 Stat. 2596, and amended in 1988, provides the current rules with respect to the taxation and filing requirements of individuals:

SEC. 932. COORDINATION OF UNITED STATES AND VIRGIN
       ISLANDS INCOME TAXES.

(c) TREATMENT OF VIRGIN ISLANDS RESIDENTS.—(1) Application of subsection.—This subsection shall apply to an individual for the taxable year if—

    (A) such individual is a bona fide resident of the Virgin Islands at the close of the taxable year, or

    (B) such individual files a joint return for the taxable year with an individual described in subparagraph (A).

(2) FILING REQUIREMENT.—Each individual to whom this subsection applies for the taxable year shall file an income tax return for the taxable year with the Virgin Islands.

\*   \*   \*   \*   \*   \*   \*

(4) RESIDENTS OF THE VIRGIN ISLANDS.—In the case of an individual—

    (A) who is a bona fide resident of the Virgin Islands at the close of the taxable year,

    (B) who, on his return of income tax to the Virgin Islands, reports income from all sources and identifies the source of each item shown on such return, and

    (C) who fully pays his tax liability referred to in section 934(a) to the Virgin Islands with respect to such income,

for purposes of calculating income tax liability to the United States, gross income shall not include any amount included in gross income on such return, and allocable deductions and credits shall not be taken into account.

Thus, an individual who is a bona fide resident of the Virgin Islands and incurs income tax obligations to both the United States and the Virgin Islands may satisfy his reporting and payment requirements by filing only with, and paying tax only to, the Virgin Islands if he satisfies each of the three requirements of section 932(c)(4). If the individual fails to meet any of these requirements, he must file a Federal income tax return with the IRS. See S. Rept. 100–445, at 315 (1988). Consequently, an individual failing to satisfy all three requirements of section 932(c)(4) may be required to file an income tax return and be liable for taxes in both the United States and the Virgin Islands.

The term "bona fide resident of the Virgin Islands" is not defined by the Code. Nor is it given any definition by the legislative history. Instead, Congress authorized the Sec-

retary to promulgate regulations for determining Virgin Islands residency. See TRA 1986 sec. 1274(c), 100 Stat. 2598.[1]

A Virgin Islands taxpayer may petition the District Court to redetermine a Virgin Islands tax deficiency determined by the BIR in the same manner as a U.S. taxpayer may petition this Court. Secs. 6212, 6213 (mirror code); V.I. Code Ann. tit. 33, sec. 943 (1994); see *WIT Equip. Co. v. Dir., V.I. Bureau of Internal Revenue*, 185 F. Supp. 2d 500, 510 (D.V.I. 2001). The District Court has "exclusive jurisdiction over * * * the income tax laws applicable to the Virgin Islands * * * except the ancillary laws relating to the income tax enacted by the legislature of the Virgin Islands." 48 U.S.C. sec. 1612(a) (2006).

## II. *The Virgin Islands Economic Development Program*

In order to encourage economic development in the Virgin Islands, Congress has explicitly permitted the Virgin Islands government to reduce certain taxes. Section 934(b)(1) provides that the Virgin Islands may reduce taxes on "income derived from sources within the Virgin Islands or income effectively connected with the conduct of a trade or business within the Virgin Islands."

Pursuant to this grant of authority, the Virgin Islands government enacted several investment incentives, including the Virgin Islands Industrial Development Program (referred to by the parties as the economic development program or EDP), currently codified at V.I. Code Ann. tit. 29, secs. 701–726 (1998 & Supp. 2010). Intended to promote growth and the development and diversification of the Virgin Islands' economy, the EDP granted certain industrial development benefits to companies that do business in the Virgin Islands. See V.I. Code Ann. tit. 29, sec. 701 (1998). Participating companies receive substantial benefits including: A 90-percent exemption on local income taxes, a 90-percent exemption on the taxation of dividends, and a 100-percent exemption on gross receipts taxes.

---

[1] For the years at issue, regulations have not been promulgated defining a "bona fide resident of the Virgin Islands". However, in Notice 2004–45, 2004–2 C.B. 33, 34, the Commissioner states that the determination turns on the facts and circumstances and the individual's intentions with respect to the length and nature of his or her stay in the Virgin Islands, citing sec. 1.934–1(c)(2), Income Tax Regs., which in turn cites the principles of secs. 1.871–2 through 1.871–5, Income Tax Regs.

III. *Notice 2004–45*

In 2004 the IRS determined that certain tax advisers were encouraging taxpayers "to take highly questionable, and in most cases meritless, positions" to claim many of the benefits of the EDP. To that end, the IRS issued Notice 2004–45, 2004–2 C.B. 33 (the notice). According to the notice, the following is a typical scenario used by the promoters of those plans:

Promoters typically approach a taxpayer (Taxpayer) living and working in the United States and advise Taxpayer to (i) purport to become a USVI resident by establishing certain contacts with the USVI, (ii) purport to terminate his or her existing employment relationship with his or her employer (Employer) and (iii) purport to become a partner of a Virgin Islands limited liability partnership (V.I.LLP) that is treated as a partnership for U.S. tax purposes. V.I.LLP then purports to enter into a contract with Employer to provide Employer with substantially the same services that were provided by Taxpayer prior to the creation of this arrangement. Typically, after entering into the arrangement, Taxpayer continues to provide substantially the same services for Employer that he or she provided before entering into the arrangement, but Taxpayer is nominally a partner of V.I.LLP instead of an employee of Employer.

Under this arrangement, Employer makes payments to V.I.LLP for Taxpayer's services and no longer treats the payments as wages paid to Taxpayer subject to the withholding and payment of employment taxes and reporting on Taxpayer's Form W–2. V.I.LLP, in turn, makes payments to Taxpayer for his or her services to Employer. V.I.LLP typically treats these payments for tax accounting purposes either as guaranteed payments for services or as distributions of Taxpayer's allocable share of partnership income. Under this arrangement, the promoter may be a general partner in V.I.LLP and may retain a percentage of the fees received from Employer.

V.I.LLP either has or secures a reduction, up to 90 percent, in USVI income tax liability under the Economic Development Program (EDP) of the USVI. Taxpayer takes the position that the EDP benefits granted to V.I.LLP provide a corresponding reduction in the income tax liability that Taxpayer reports on his or her USVI income tax return with respect to guaranteed payments from the partnership or distributive shares of the partnership's net income, or both. Taxpayer pays tax to the USVI in an amount approximately equal to 10% of the U.S. income tax liability that otherwise would be imposed on Taxpayer's income from performing the services. Taxpayer claims that, for purposes of computing his or her U.S. income tax liability, gross income does not include guaranteed payments received from V.I.LLP or Taxpayer's distributive share, if any, of the partnership's net income, or both.

[*Id.*, 2004–2 C.B. at 33.]

The IRS stated that the promoters of these plans claim that (1) individuals who participate in the plan can continue to

work in the United States and still be a bona fide resident of the Virgin Islands; (2) Virgin Islands source income includes income from services performed in the United States; (3) for purposes of determining the source of income, the Virgin Islands includes the United States; and (4) non-Virgin Islands income can be treated as effectively connected with the conduct of a trade or business within the Virgin Islands even if under equivalent circumstances that type of income would not be considered effectively connected with the conduct of a U.S. trade or business. Respondent determined that the transactions in which petitioner participated were the type of transactions discussed in the notice.

## IV. *Jurisdiction*

This Court may exercise jurisdiction only to the extent authorized by Congress. *Naftel v. Commissioner*, 85 T.C. 527, 529 (1985). However, the Court has the authority to determine whether it has jurisdiction over a particular case. *Kluger v. Commissioner*, 83 T.C. 309, 314–315 (1984).

We have jurisdiction to redetermine deficiencies in income, estate, gift, and certain excise taxes when the Commissioner makes a determination that a deficiency is due, a valid notice of deficiency is issued with respect to that determination, and a petition is timely filed in response to the notice of deficiency. See secs. 6211–6215; *Kluger v. Commissioner*, *supra* at 314; *Hannan v. Commissioner*, 52 T.C. 787, 791 (1969).

Petitioner maintains that the deficiencies relate to a Virgin Islands tax matter over which this Court lacks jurisdiction. Petitioner posits that sections 932 and 934, which coordinate United States and Virgin Islands income taxes, constitute the tax law of the Virgin Islands and therefore jurisdiction over the underlying matters properly belongs to the District Court pursuant to the provisions of 48 U.S.C. sec. 1612 (a). Continuing, petitioner maintains that inasmuch as 48 U.S.C. sec. 1612(a) grants "exclusive" jurisdiction to the District Court with regard to Virgin Islands income tax laws, this Court lacks jurisdiction because "Congress was removing all other courts of any district, jurisdiction, or level from hearing cases 'with respect to the income tax laws applicable to the [USVI].' 48 U.S.C. §1612." Petitioner maintains that even though an individual may have both Federal and Virgin

Islands tax obligations under section 932, this does not affect the District Court's jurisdiction. We do not subscribe to petitioner's position.

U.S. citizens are subject to Federal taxation on their worldwide income. See *Cook v. Tait*, 265 U.S. 47, 56 (1924). Gross income for the purpose of calculating taxable income is defined as "all income from whatever source derived." Sec. 61(a). Every individual whose gross income for the taxable year equals or exceeds a threshold amount is (with enumerated exceptions not applicable here) required to file a Federal income tax return. Sec. 6012(a)(1)(A).

As a U.S. citizen, petitioner is required to file a Federal income tax return and use his worldwide gross income to calculate his Federal income tax. Section 932(c) affects the determination of gross income of an individual subject to U.S. taxation. If the individual (in this case, petitioner) satisfies all three requirements of section 932(c)(4), then the amount of gross income reported on the individual's Virgin Islands tax return (filed under section 932(c)(2)) is not includable in determining his gross income for purposes of the Federal income tax. Thus, if the amount of petitioner's gross income was that which was reported on his Virgin Islands tax return, then petitioner's gross income for purposes of calculating his income tax liability to the United States would be zero. In such a case, because petitioner would have no gross income for Federal income tax purposes, he would not need to file a Federal income tax return. But if petitioner does not satisfy all three requirements, as respondent alleges, then for each of the years at issue he will be required to file a Federal income tax return even if he filed a Virgin Islands tax return. See sec. 932(a)(2).

Although this case involves putative Virgin Islands transactions, the notice of deficiency determines deficiencies in petitioner's Federal income tax. Petitioner filed a timely petition for redetermination with this Court pursuant to section 6213(a). Whether petitioner satisfies all the requirements under section 932(c)(4), and thus need not file a Federal tax return or pay Federal income tax for 2002, 2003, and 2004, is in dispute and is a matter which this Court has jurisdiction to decide. Because the subject matter herein is within

the Court's jurisdiction, we shall deny petitioner's motion to dismiss for lack of jurisdiction.

*An appropriate order will be issued.*