T.C. Memo. 2013-187

UNITED STATES TAX COURT

STAFFMORE, LLC, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13101-12.                    Filed August 15, 2013.

Thomas J. Profy IV and John A. Torrente, for petitioner.

Sandra Marie Jefferson, Joseph W. Spires, and Nancy M. Gilmore, for

respondent.

MEMORANDUM OPINION

JACOBS, Judge: Petitioner comes before this Court requesting that we (1)

review respondent's determination of employment status (employee or

independent contractor) with respect to SH,[1] one of petitioner's workers during

_____

[1]The worker whose employment status is involved in this matter is not a
                                                            (continued...)

[*2] 2009 and 2010, and (2) restrain respondent from making his determination available for public inspection until this case is concluded. Respondent has filed a motion to dismiss for lack of jurisdiction, as supplemented (respondent's motion). Respondent asserts that this Court does not have jurisdiction to review respondent's determination of SH's employment classification. Additionally, respondent asserts that this Court lacks jurisdiction under section 6110(f)(3) to restrain public disclosure of the redacted version of a Form SS-8 letter informing petitioner of respondent's determination as to the employment classification of SH.

All section references are to the Internal Revenue Code in effect for the years at issue.

## Background

The following undisputed facts are established by the pleadings and the exhibits attached thereto. At the time the petition was filed, petitioner's principal place of business was in Pennsylvania. Petitioner, a single-member limited liability company, was a staffing agency that contracted with mental and behavioral health providers (clients) to provide them with clinical and nonclinical

---

[1](...continued)
party to this case. To protect the worker's privacy, the worker is referred to by initials.

[*3] staff persons. The staff persons provided services to the clients under the supervision of the clients' respective case managers.

On November 3, 2011, petitioner filed a Form SS-8, Determination of Worker Status for Purposes of Federal Employment Taxes and Income Tax Withholding, requesting a determination as to the employment status of SH. Petitioner had been treating SH as an independent contractor. On March 29, 2012, respondent responded to that request (Form SS-8 letter), determining that SH was petitioner's employee. The Form SS-8 letter stated:

> This determination is based on the application of law to the information presented to us and/or discovered by us during the course of our investigation; however, we are not in a position to personally judge the validity of the information submitted. This ruling pertains to all workers performing services under the same or similar circumstances. It is binding on the taxpayer to whom it is addressed; however, section 6110(k)(3) of the Code provides it may not be used or cited as precedent.
>
> Internal Revenue Code section 7436 concerns reclassifications of worker status that occur during IRS examinations. As this determination is not related to an IRS audit, it does not constitute a notice of determination under the provisions of section 7436, nor is this an audit for purposes of entitling you to section 530 relief (further explained below) if you are not otherwise eligible for such relief.[2]

---

[2]The record contains no indication that respondent has ever conducted an audit or examination of petitioner.

**[*4]** Attached to the Form SS-8 letter was a Notice Number 441, Notice--We Are Going To Make Your Determination Letter Available for Public Inspection (public disclosure notice). The public disclosure notice stated that a redacted copy of the Form SS-8 letter would be made available for public inspection at the Internal Revenue Service (IRS) Electronic Reading Room on the IRS.gov Web site. Attached to the public disclosure notice was a draft of the redacted Form SS-8 letter. Petitioner was informed:

> When you disagree with the redacted copy, you can request more deletions by returning the copy to us (at the address shown on this notice) with the information you want deleted enclosed within brackets. We can delete only the information that relates to one of the categories that we listed in the above section entitled **Deletions We May Have Made to Your Original Determination Letter**. Please also include a statement that specifies which category applies to each deletion you've requested.

The public disclosure notice stated that petitioner could request a delay in availability for public inspection of up to 90 days or, if there was an ongoing transaction related to the determination, a delay of up to 15 days after the completion of the transaction, whichever was earlier. Petitioner could request a second delay for good cause of 180 days, or if there was an ongoing transaction related to the determination, a delay of 15 days after the completion of the

**[\*5]** transaction. This second request was required to be sent to the IRS no later than 30 days before the end of the original delay period.

The public disclosure notice stated that the Form SS-8 letter would be open to public inspection on June 22, 2012. The last date to request the IRS to review any additional redactions to the Form SS-8 letter was April 18, 2012; the last date to request a delay in releasing the Form SS-8 letter was May 28, 2012; and the last date to petition the Tax Court with respect to any disputed redactions was May 28, 2012.

On April 19, 2012, petitioner's attorney, John A. Torrente, mailed a letter to respondent objecting to respondent's employment status determination and stating: "We are requesting that this redacted determination letter be deleted and not published at all during the review and appeal period as we plan to petition the Tax Court on both issues. It is our understanding that the release of this letter is prohibited pending reconsideration and appeal of the SS-8 determination."

On May 23, 2012, petitioner filed a petition with this Court. In its petition, petitioner asks the Court to (1) review respondent's determination that SH was petitioner's employee; and (2) prevent the publication of respondent's determination in any form "pending the instant appeal."

**[\*6]**  On May 27, 2012, Mr. Torrente mailed a followup letter to respondent, stating that his office "has filed an appeal with the United States Tax Court on May 22, 2012.  In light of the above, we are requesting and please allow this correspondence to confirm a delay in publication of the March 29, 2012 Notice of Determination in its entirety, issued to Staffmore, LLC until a final decision is issued by the United States Tax Court."

## Discussion

This Court may exercise jurisdiction only to the extent authorized by Congress.  Huff v. Commissioner, 135 T.C. 222, 229 (2010).  However, we have the authority to determine whether we have jurisdiction over a particular case.  Kluger v. Commissioner, 83 T.C. 309, 314-315 (1984).  Jurisdiction must be shown affirmatively, and petitioner, as the party invoking the jurisdiction of this Court, bears the burden of proving that we have jurisdiction over its case.  See David Dung Le, M.D., Inc. v. Commissioner, 114 T.C. 268, 270 (2000), aff'd, 22 Fed. Appx. 837 (9th Cir. 2001).

In respondent's motion, respondent first asserts that we lack jurisdiction to review respondent's determination that SH was an employee of petitioner.  Section 7436 governs proceedings in this Court for determining employment status.  Section 7436(a) provides:

[*7]      SEC. 7436(a).  Creation of Remedy.--If, in connection with an audit of any person, there is an actual controversy involving a determination by the Secretary as part of an examination that--

>       (1) one or more individuals performing services for such person are employees of such person for purposes of subtitle C, or

>       (2) such person is not entitled to the treatment under subsection (a) of section 530 of the Revenue Act of 1978 with respect to such an individual,

upon the filing of an appropriate pleading, the Tax Court may determine whether such a determination by the Secretary is correct and the proper amount of employment tax under such determination. Any such determination by the Tax Court shall have the force and effect of a decision of the Tax Court and shall be reviewable as such.

Respondent emphasizes that the Form SS-8 letter sent to petitioner states that "this determination is not related to an IRS audit".  Consequently, respondent maintains that we lack jurisdiction in this matter.

Petitioner counters by stating that respondent's "March 29, 2012 [Form SS-8] letter is, in fact, a Notice of Determination of Employment Status of an SS-8 determination which is confirmed by the first sentence of the IRS's own letter". The first sentence of the Form SS-8 letter states:  "The purpose of this letter is to respond to a request for a determination of employment status, for Federal employment tax purposes, concerning the work relationship between Staffmore LLC, referred to as 'the firm' in the rest of the letter, and * * * [SH], referred to as

**[\*8]** 'the worker' in the rest of the letter."  Continuing, petitioner argues that "[t]he IRS is estopped from arguing that the March 29, 2012 correspondence is not appealable to the Tax Court as the very first sentence confirms that a determination of employment status was issued."  Finally, petitioner asserts that if respondent's motion is granted because of what petitioner refers to as "hyper-technical arguments", the Court would be wasting judicial resources because the employment status of SH would eventually be resolved by the Court after respondent issues petitioner a notice of deficiency.

We have jurisdiction to review determinations of employment status only if they arise in connection with an IRS audit and an examination.  Sec. 7436(a).  In this matter, no audit or examination occurred.  Rather, respondent merely reviewed the information petitioner reported on its Form SS-8 submission.[3]  The instructions to Form SS-8 makes this clear:

> Neither the Form SS-8 determination process nor the review of any records in connection with the determination constitutes an examination (audit) of any federal tax return.  If the periods under consideration have

---

[3]Petitioner's submission of Form SS-8 is in essence a request that the IRS make a determination as to a worker's employment classification for a taxable period or periods separate and apart from the IRS' normal audit and examination procedures.  See Rev. Proc. 2005-32, sec. 4.03(2), 2005-1 C.B. 1206, 1207.  The submission of Form SS-8 is analogous to a taxpayer's request for a private letter ruling.

**[\*9]** been previously examined, the Form SS-8 determination process will not constitute a reexamination under IRS reopening procedures. Because this is not an examination of any federal tax return, the appeal rights available in connection with an examination do not apply to a Form SS-8 determination.

Consequently, we hold that we do not have jurisdiction over respondent's determination as to SH's employment status.

Respondent also asserts in his motion to dismiss that we lack jurisdiction to delay the release of the redacted copy of the Form SS-8 letter. Section 6110(a) states that except as otherwise provided, the text of any written determination and any background file document relating to such written determination shall be open to public inspection at such place as the Secretary may by regulations prescribe. Section 6110(f)(3) provides this Court with jurisdiction to review disputes between taxpayers and the Commissioner with respect to those portions of any written determination which shall be open to public inspection.

In its petition, petitioner requested that no portion of the Form SS-8 letter "be published pending the instant appeal." Because we find that we lack jurisdiction to hear the underlying matter, petitioner's request is moot. Accordingly, we need not decide whether to grant petitioner's request.

In sum, we will grant respondent's motion with respect to respondent's determination of employment status. Because petitioner's appeal of SH's

**[*10]** determination of employment status is now complete, petitioner's request to delay the publication of the redacted Form SS-8 letter is moot.

To reflect the foregoing,

<u>An appropriate order of dismissal for lack of jurisdiction will be entered</u>.