T.C. Memo. 2015-72

UNITED STATES TAX COURT

BARRY P. COOPER, Petitioner, AND THE GOVERNMENT OF THE UNITED
STATES VIRGIN ISLANDS, Intervenor v. COMMISSIONER OF
INTERNAL REVENUE, Respondent

SANDRA G. COOPER, Petitioner, AND THE GOVERNMENT OF THE
UNITED STATES VIRGIN ISLANDS, Intervenor v. COMMISSIONER OF
INTERNAL REVENUE, Respondent

Docket Nos. 11810-10, 11811-10.          Filed April 8, 2015.

Ps, husband and wife, are U.S. citizens. Asserting each was a
bona fide resident of the Virgin Islands during 2002 and 2003, Ps
filed joint territorial income tax returns with the Virgin Islands
Bureau of Internal Revenue (VIBIR) claiming entitlement to income
tax benefits under I.R.C. sec. 932(c)(4). They did not file joint
income tax returns with the Internal Revenue Service (IRS).

The IRS received copies of Ps' returns from the VIBIR. After
examining these returns, the IRS determined Ps did not qualify for the
I.R.C. sec. 932(c)(4) gross income exclusion.

[*2]     Treating Ps as nonfilers, the IRS mailed separate notices of deficiency to Ps, one to P-H for 2002 and 2003 and another to P-W for 2002, more than 3 years after Ps filed their territorial tax returns.

Ps assert that because they believed in good faith that they were bona fide residents of the Virgin Islands at the time they filed territorial income tax returns with the VIBIR, the filing of those returns with, and the payment of tax to, the VIBIR met their Federal income tax filing and payment obligations, without regard to objective facts indicating their residence. Ps each filed a motion for summary judgment maintaining the IRS' notices of deficiency were untimely mailed, i.e. the notices were mailed after the expiration of the I.R.C. sec. 6501 period of limitations; hence, the IRS' assessment of tax was time barred.

Held: The assertion that the period of limitations expired before the IRS' mailing of a notice of deficiency is an affirmative defense which Ps must prove.

Held, further, because Ps failed to make a proper showing that they were bona fide residents of the Virgin Islands during 2002 and 2003, Ps' motions for summary judgment will be denied, and a trial will be required.

Joseph A. DiRuzzo III, for petitioners.

Barry J. Hart, Christopher M. Bruno, Geoffrey P. Eaton, Peter N. Hiebert, and Tamika M. Archer, for intervenor.

Ladd Christman Brown, Jr., James G. Hartford, and Jacob Russin, for respondent.

[*3]                          MEMORANDUM OPINION

JACOBS, Judge:  These cases, consolidated for trial, briefing, and opinion, are before the Court on petitioners' motions for summary judgment, filed August 22, 2013, pursuant to Rule 121.  The specific question to be decided is whether petitioners (Barry Cooper and Sandra Cooper) qualify as bona fide residents of the U.S. Virgin Islands (Virgin Islands) during 2002 and 2003 for purposes of determining whether the section 6501 period of limitations on assessment and collection expired before the date respondent (Internal Revenue Service or IRS) mailed petitioners separate notices of deficiency.  For the reasons set forth infra, we will deny petitioners' motions.

Unless otherwise indicated all section references are to the Internal Revenue Code (Code) in effect for 2002 and 2003, and all Rule references are to the Tax Court Rules of Practice and Procedure.  At the time petitioners filed their respective petitions, they resided in Florida.

## Background

The following includes undisputed facts in the record.  Barry Cooper (petitioner husband) was married to Sandra Cooper (petitioner wife) during 2002 and 2003.  They are U.S. citizens and assert that each was a bona fide resident of

**[*4]** the Virgin Islands during 2002 and 2003. Petitioners filed a joint territorial income tax return with the Virgin Islands Bureau of Internal Revenue (VIBIR) for 2002 on October 10, 2003, and an amended joint territorial income tax return for 2002 on December 31, 2003. They filed a joint territorial income tax return for 2003 with the VIBIR on October 13, 2004.[1] Asserting that their filings with the VIBIR and the payment of tax to the Virgin Islands satisfied their Federal tax filing and payment obligations pursuant to section 932, petitioners did not file a 2002 or 2003 Federal income tax return with, or pay income tax to, the IRS.

The IRS received copies of petitioners' 2002 and 2003 returns from the VIBIR,[2] and after examining these returns, the IRS determined that petitioners did

---

[1]Petitioners also filed a joint territorial income tax return with the VIBIR for 2004. Although the IRS determined a deficiency in tax and additions to tax for 2004, that year is not before us because petitioner husband seeks redetermination only with respect to 2002 and 2003, and petitioner wife seeks redetermination only with respect to 2002.

[2]The Virgin Islands uses the same income tax return form (i.e., Form 1040, U.S. Individual Income Tax Return) used by the United States. The VIBIR forwarded copies of the first two pages of Form 1040; Schedule C, Profit or Loss From Business; Schedule C-EZ, Net Profit From Business; Form W-2, Wage and Tax Statement; and Form W-2VI, U.S. Virgin Islands Wage and Tax Statement, to the IRS. The record contains an IRS account transcript which states that the IRS received petitioners' 2003 territorial income tax return on March 14, 2005, and that an examination of that return commenced on August 4, 2005. The record does not reveal the date on which the IRS received copies of petitioners' 2002 and 2004 territorial income tax returns from the VIBIR. Nor does the record reveal the

(continued...)

[*5] not qualify for the section 932(c)(4) gross income exclusion. Treating petitioner husband as a nonfiler, on March 3, 2010, the IRS mailed him a notice of deficiency in which it determined the following deficiencies in Federal income tax and additions to tax:

| | | | Additions to tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654 |
| --- | --- | --- | --- | --- |
| 2002 | $125,122 | $8,297.55 | $9,219.50 | -0- |
| 2003 | 149,444 | 33,624.90 | 37,361.00 | $3,855.82 |

Attached to the notice of deficiency was a Form 4549-A, Income Tax Discrepancy Adjustments, which set forth the basis for the aforementioned income tax deficiencies and additions to tax:

> It has been determined that during the taxable years ended December 31, 2002, 2003, and 2004 ("tax years 2002, 2003, and 2004") you were not a bona fide resident of the United States Virgin Islands ("USVI"). It is also determined that you participated in a tax avoidance scheme similar to that described in Notice 2004-45 Meritless Position Based on Sections 932(c)(4) and 934(b), which involved improperly claiming to be a resident of the USVI and superficially recasting income from sources within the United States as income from sources within the USVI or effectively connected to a trade or business within the USVI in order to inappropriately and

---

[2](...continued)
date the IRS commenced examining petitioners' 2002 and 2004 territorial income tax returns.

**[\*6]** invalidly claim a tax credit of 90% under the United States Virgin Islands Economic Development Program ("EDP credit").[3]

---

[3]In 2004 the IRS issued Notice 2004-45, 2004-2 C.B. 33, in which it stated that it intended to challenge "highly questionable, and in most cases meritless, positions" of certain U.S. citizens who claimed to be residents of the Virgin Islands in order to avoid U.S. taxation by claiming substantial tax benefits arising from the tax policies enacted by the Government of the Virgin Islands. See Huff v. Commissioner, 135 T.C. 222, 228 (2010).

Notice 2004-45, 2004-2 C.B. at 33, states that the "highly questionable" positions being challenged are promoted to taxpayers in a variety of forms; however, they are frequently promoted in the following manner:

Promoters typically approach a taxpayer (Taxpayer) living and working in the United States and advise Taxpayer to (i) purport to become a USVI resident by establishing certain contacts with the USVI, (ii) purport to terminate his or her existing employment relationship with his or her employer (Employer) and (iii) purport to become a partner of a Virgin Islands limited liability partnership ("V.I.LLP") that is treated as a partnership for U.S. tax purposes. V.I.LLP then purports to enter into a contract with Employer to provide Employer with substantially the same services that were provided by Taxpayer prior to the creation of this arrangement. Typically, after entering into the arrangement, Taxpayer continues to provide substantially the same services for Employer that he or she provided before entering into the arrangement, but Taxpayer is nominally a partner of V.I.LLP instead of an employee of employer.

Under this arrangement, Employer makes payments to V.I.LLP for Taxpayer's services and no longer treats the payments as wages paid to Taxpayer subject to the withholding and payment of employment taxes and reporting on Taxpayer's Form W-2. V.I.LLP, in turn, makes payments to Taxpayer for his or her services to Employer. V.I.LLP typically treats these payments for tax accounting purposes either as guaranteed payments for services or as

(continued...)

**[*7]**  On March 3, 2010, the IRS mailed petitioner wife a notice of deficiency determining the following deficiency in Federal income tax and additions to tax:

| Year | Deficiency | Sec. 6651(a)(1) | Additions to tax Sec. 6651(a)(2) | Sec. 6654 |
|------|-----------|-----------------|-----------------|-----------|
| 2002 | $171,258 | $38,533.05 | $42,814.50 | $5,722.95 |

Attached to the notice of deficiency was a Form 4549-A which set forth, in language identical to that included in the notice of deficiency sent to petitioner husband, the basis for the income tax deficiencies and additions to tax with respect to petitioner wife.

Petitioners each filed a petition with this Court on May 24, 2010.[4] Petitioners contend that both were bona fide residents of the Virgin Islands during 2002 and 2003 and, as this Court held in Appleton v. Commissioner, 140 T.C. 273 (2013), that they were required under the Code and the regulations promulgated thereunder, as well as by the IRS' instructions and tax forms, to file their income tax returns for 2002 and 2003 with the VIBIR.  Petitioners assert those filings

---

[3](...continued)
distributions of Taxpayer's allocable share of partnership income. Under this arrangement, the promoter may be a general partner in V.I.LLP and may retain a percentage of the fees received from Employer.

[4]On March 16, 2011, the Court granted the IRS' motion to consolidate petitioner husband's and petitioner wife's cases.

[*8] satisfied their Federal income tax return filing obligations. On the other hand, the IRS asserts that although petitioners filed income tax returns with the VIBIR, those returns were Virgin Islands territorial returns, not Federal income tax returns.

On August 22, 2013, petitioners each filed a motion for summary judgment in which each asserts that because each believed he /she was a bona fide resident of the Virgin Islands during 2002 and 2003, the IRS is required to accept their belief. Consequently, petitioners maintain (1) the respective notices of deficiency were untimely and (2) the section 6501(a) period of limitations bars assessment of tax by the IRS for 2002 and 2003.[5]

## Discussion

### I.  Introduction

This is the third case involving the timeliness of notices of deficiency to U.S. citizens who filed income tax returns with the VIBIR rather than to the IRS. In Appleton v. Commissioner, 140 T.C. 273, we had to decide whether the filing of an income tax return with the VIBIR by an individual whom the IRS conceded

---

[5]In this opinion we are deciding only the issue of petitioners' residency. Even though the IRS received portions of petitioners' Forms 1040 that were filed with the VIBIR, we need not and do not herein determine whether those documents are "returns" filed with the IRS under sec. 6501. Resolution of that issue is reserved for the future.

**[\*9]** was a bona fide resident of the Virgin Islands commenced the running of the 3-year period of limitations for Federal tax purposes (i.e., whether the filing of an income tax return with the VIBIR started the clock running on the IRS). We therein held that it did and that because the IRS issued a notice of deficiency more than three years after the taxpayer had filed with the VIBIR, the IRS' deficiency determination was untimely and accordingly granted the taxpayer's motion for summary judgment.

In Estate of Sanders v. Commissioner, 144 T.C. ___ (Jan. 29, 2015), we had to grapple with the question of who is a "bona fide resident of the Virgin Islands". During certain of the years at issue in that matter, neither the Code[6] nor the regulations promulgated thereunder provided a definition of a "bona fide resident of the Virgin Islands". In that case the IRS disputed the estate's assertion that the decedent was a bona fide resident of the Virgin Islands, but at trial the estate provided evidence establishing that he was. Consequently, we found, as we did in Appleton, that the notice of deficiency was untimely.

---

[6]Sec. 937(a) now provides a test for determining whether a taxpayer is a bona fide resident of the Virgin Islands by creating a two-part residency test. However, sec. 937(a) is inapplicable for 2002 and 2003. See Estate of Sanders v. Commissioner, 144 T.C. ___, ___ (slip op. at 30 n.8) (Jan. 29, 2015).

**[*10]** In the motions now before us, petitioners assert that they did not have to file tax returns with the IRS because they believed, in good faith, that they were bona fide residents of the Virgin Islands at the time they filed territorial income tax returns with the VIBIR. They have not, however, presented objective evidence to corroborate their purported belief.

## II.    Summary Judgment

Summary judgment is appropriate if the pleadings and other materials show that there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). The moving party bears the burden of showing that there is no genuine dispute of material fact, and the Court views all factual materials and inferences in the light most favorable to the nonmoving party. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985). Rule 121(d) provides that where the moving party properly makes and supports a motion for summary judgment "an adverse party may not rest upon the mere allegations or denials of such party's pleading", but rather must set forth specific facts, by affidavits or otherwise, "showing that there is a genuine dispute for trial." For purposes of deciding petitioners' motions for summary judgment, we must

**[*11]** assume that but for the running of the period of limitations there would be a deficiency in petitioners' Federal income tax with respect to 2002 and 2003.

III.    The Virgin Islands

The Virgin Islands, although a part of the United States, are a separate and distinct taxing jurisdiction. The territory is classified as an unincorporated territory by 48 U.S.C. sec. 1541(a) (2006), is not part of one of the 50 States or the District of Columbia, and generally is not a part of the United States for tax purposes. See sec. 7701(a)(9). In an attempt to harmonize the dual nature of the Virgin Islands, Congress established the "mirror tax system" as the tax law of the Virgin Islands. Act of July 12, 1921, ch. 44, sec. 1, 42 Stat. 123 (codified as amended at 48 U.S.C. sec. 1397 (2006)).

Under the mirror tax system, the Virgin Islands uses the Code with "Virgin Islands" effectively substituted for any reference to the "United States" (and vice versa). See Danbury, Inc. v. Olive, 820 F.2d 618, 620 (3d Cir. 1987). As the law has developed, the provisions of the Code have been made applicable to the Virgin Islands so long as the specific section to be applied is "'not manifestly inapplicable or incompatible' with a separate territorial income tax." Chi. Bridge & Iron Co. v. Wheatley, 430 F.2d 973, 976 (3d Cir. 1970) (quoting 48 U.S.C. sec. 1421i(d)(1) (1964)).

**[\*12]** The provisions applicable for 2002 and 2003 under which individuals file

territorial income tax returns and pay tax in the Virgin Islands were enacted as part

of the Tax Reform Act of 1986 (TRA), Pub. L. 99-514, sec. 1274(a), 100 Stat.

2596, and amended in the Technical and Miscellaneous Revenue Act of 1988,

Pub. L. 100-647, sec. 1012(w), 102 Stat. 3530.  Virgin Islands residents generally

were exempted from Federal income tax obligations if they met the requirements

of section 932(c):

      SEC. 932.  COORDINATION OF UNITED STATES AND
               VIRGIN ISLANDS INCOME TAXES.

      (c) Treatment of Virgin Islands Residents.--

         (1) Application of subsection.--This subsection shall apply to an individual for the taxable year if--

            (A) such individual is a bona fide resident of the Virgin Islands at the close of the taxable year, or

            (B) such individual files a joint return for the taxable year with an individual described in subparagraph (A).

         (2) Filing requirement.--Each individual to whom this subsection applies for the taxable year shall file an income tax return for the taxable year with the Virgin Islands.

         (3) Extent of income tax liability.--In the case of an individual to whom this subsection applies in a taxable year for purposes of so much of this title (other than this section and

**[*13]** section 7654) as relates to the taxes imposed by this chapter, the Virgin Islands shall be treated as including the United States.

> (4) Residents of the Virgin Islands.--In the case of an individual--
>
> > (A) who is a bona fide resident of the Virgin Islands at the close of the taxable year,
> >
> > (B) who, on his return of income tax to the Virgin Islands, reports income from all sources and identifies the source of each item shown on such return, and
> >
> > (C) who fully pays his tax liability referred to in section 934(a) to the Virgin Islands with respect to such income,
>
> for purposes of calculating income tax liability to the United States, gross income shall not include any amount included in gross income on such return, and allocable deductions and credits shall not be taken into account.[7]

If a bona fide resident of the Virgin Islands fails to meet the provisions of section 932(c)(4) and he/she is compelled to file a Federal income tax return, any tax collected by the IRS must be covered over to the Virgin Islands. 48 U.S.C. sec. 1642 (2006). U.S. citizens or residents (other than those who are bona fide residents of the Virgin Islands) who have income derived from sources within the Virgin Islands or effectively connected to a Virgin Islands trade or business for a

---

[7]Sec. 932(c) is not included in the mirror code and is not an element of the Virgin Islands territorial tax system. See S. Rept. No. 100-445, at 314-315 (1988), 1988 U.S.C.C.A.N. 4515, 4825-4826.

**[\*14]** taxable year are explicitly required to file returns with both the United States and the Virgin Islands.  Sec. 932(a)(2).

To ensure the fair implementation of section 932, the United States and the Virgin Islands entered into the Tax Implementation Agreement Between the United States of America and the Virgin Islands (TIA), Feb. 24, 1987, 1989-1 C.B. 347, 347-348, to permit the "exchange of information and mutual assistance with respect to taxes in order to prevent the evasion or avoidance of United States or Virgin Islands taxes".  Id.  The TIA applies to (1) all taxes imposed by the Code, (2) all taxes imposed by the mirror code, and (3) all local income taxes imposed by the Virgin Islands as authorized by the TRA.  See id. art. 2, 1989-1 C.B. at 348. As more thoroughly discussed in Estate of Sanders v. Commissioner, 144 T.C. at __ (slip op. at 18-19), the TIA requires the Virgin Islands to routinely provide the United States information with respect to audit changes that disclose information of interest to the U.S. Government.  It also requires the VIBIR to permit the IRS to examine Virgin Islands tax returns.

IV.    Federal Tax Filing Requirements

U.S. citizens, such as petitioners, are subject to Federal reporting requirements and taxation on their worldwide income as set forth in the Code. See, e.g., Cook v. Tait, 265 U.S. 47, 56 (1924); Estate of Sanders v.

**[*15]** Commissioner, 144 T.C. at __ (slip op. at 19); Appleton v. Commissioner, 140 T.C. at 281. A number of Code sections govern an individual's filing requirements. Section 6012(a)(1)(A) requires that every individual having for the taxable year gross income which equals or exceeds the exemption amount, with certain exceptions not applicable in this matter, file an income tax return. However, the interplay of section 932 and mirror code section 6012(a) affect this general rule for individuals who claim to be bona fide residents of the Virgin Islands. See Appleton v. Commissioner, 140 T.C. at 281.

Although individuals having gross income for a taxable year which equals or exceeds the exemption amount are required to file Federal income tax returns, section 932(c)(2) directs bona fide residents of the Virgin Islands to file income tax returns with the Virgin Islands (via the VIBIR); and section 932(c)(4) (flush language) exempts both U.S. source income and Virgin Islands source income from U.S. taxation if all of the requirements of section 932(c)(4) are met. But if any requirement of section 932(c)(4) is left unsatisfied, then an individual falls back into the Federal income tax reporting and payment system because that income would no longer be excluded for purposes of calculating his/her U.S. tax liability. Appleton v. Commissioner, 140 T.C. at 281.

[*16] In reviewing petitioners' position, we begin by turning to section 7654(e) which provides that the Secretary shall prescribe such regulations as may be necessary to carry out the provisions of section 932, including prescribing the information which individuals to whom section 932 applies are to furnish to the Secretary. Appleton v. Commissioner, 140 T.C. at 282. But the Secretary failed to prescribe such regulations for 2002 and 2003. Consequently, we must look to other sections of the Code, regulations, and instructions published by the IRS for guidance as to the proper place for petitioners to file their 2002 and 2003 income tax returns. Id.

Pursuant to section 6091(b)(1)(B)(ii) (flush language), a U.S. citizen whose principal place of abode is outside the United States is required to file his/her income tax return "at such place as the Secretary may by regulations designate." Under this authority, the Secretary promulgated section 1.6091-1(a), Income Tax Regs., providing, in general, that if an income tax return is required to be filed and the place for filing the return is not designated by the Code, the return is to be filed at the place prescribed by regulations.

Section 1.6091-3(c), Income Tax Regs., instructs "individual citizen[s] of a possession of the United States" who have no legal residence or place of business in any internal revenue district in the United States to file their income tax returns

**[*17]** as designated on the income tax return forms or the instructions issued thereto.[8] The VIBIR directs individuals to file their territorial income tax returns on the same Form 1040 that U.S. taxpayers use when filing their Federal income tax returns. The instructions to Form 1040 for 2002 and 2003 stated that "permanent residents of the Virgin Islands should use V.I. Bureau of Internal Revenue" as the place to file their tax returns.[9]

V.      Section 6501(a) Period of Limitations

As we noted in Appleton v. Commissioner, 140 T.C. at 284, the regulations and instructions issued by the IRS regarding income tax return filings are

---

[8]Sec. 1.6091-3, Income Tax Regs., requires that certain tax returns be filed with (1) the Director of Internal Operations, Internal Revenue Service, Washington, DC 20225, or (2) the District Director, or (3) the director of the service center, depending on the appropriate officer designated on the return form or in the instructions issued with respect to the form. These tax returns include the income tax return of (1) an individual citizen of the United States whose principal place of abode for the period with respect to which the return is filed is outside the United States, and (2) an individual citizen of a possession of the United States (whether or not a U.S. citizen) who has no legal residence or principal place of business in any internal revenue district. Sec. 1.6091-3(b) and (c), Income Tax Regs. A taxpayer's principal place of abode will be considered to be outside the United States if his/her legal residence is outside the United States or if his/her tax return bears a foreign address. Sec. 1.6091-3(b), Income Tax Regs.

[9]It appears that when the inhabitant rule was replaced by sec. 932, the IRS failed to update the instructions to Form 1040 and continued to use the terms "permanent resident of the Virgin Islands" and "nonpermanent resident of the Virgin Islands" despite their obsolescence.

**[\*18]** significant because the running of the period of limitations on assessment commences only when a tax return has been properly filed. Section 6501(a) provides that, except as otherwise provided, the amount of any tax imposed by the Code shall be assessed within three years after the return was filed. Section 6501(a) further provides that "the term 'return' means the return required to be filed by the taxpayer". Thus, for a return to commence the running of the period of limitations, the return must be (1) properly filed and (2) the return required to be filed by the taxpayer. We therefore must determine whether the Forms 1040 petitioners filed with the VIBIR were properly filed with that entity and, if so, whether they were the returns required to be filed.

VI.     Proper Filing

In Lucas v. Pilliod Lumber Co., 281 U.S. 245, 249 (1930), the Supreme Court noted that "[u]nder the established general rule a statute of limitations runs against the United States only when they assent and upon the conditions prescribed." The Supreme Court concluded that there must be "meticulous compliance by the taxpayer with all named conditions in order to secure the benefit of the limitation". Id.; see Allnut v. Commissioner, 523 F.3d 406, 413 n.5 (4th Cir. 2008), aff'g T.C. Memo. 2002-311. Relying on Pilliod Lumber Co., we stated in Winnett v. Commissioner, 96 T.C. 802, 808 (1991), that to meticulously

**[*19]** comply, a "taxpayer must file his return where section 6091 or the regulations promulgated thereunder require the return to be filed."

Accordingly, this Court, as well as others, has held on several occasions that filing a return with the wrong IRS representative does not constitute "filing" for purposes of commencing the limitations period. Estate of Sanders v. Commissioner, 144 T.C. at ___ (slip op. at 28); Appleton v. Commissioner, 140 T.C. at 286; Winnett v. Commissioner, 96 T.C. at 808-809; see Allnutt v. Commissioner, 523 F.3d 406 (holding that taxpayer's hand delivery of returns to wrong individual does not constitute a filing); see also Congelliere v. Commissioner, T.C. Memo. 1990-265 (holding that a return incorrectly filed with a service center rather than the District Director is disregarded for purposes of determining when the 60-day period for issuing the notice of deficiency for the termination year begins to run).

In Appleton, the parties stipulated that the taxpayer was a bona fide resident of the Virgin Islands. In applying the aforementioned principles, we held that he properly filed his income tax return by filing it with the VIBIR and consequently met his Federal tax filing obligation. We stated: "The instructions to Form 1040 are explicit: The form is to be filed with the VIBIR." We rejected the IRS' argument that the instructions to Form 1040 when read in conjunction with

**[*20]** Publication 570, Tax Guide for Individuals With Income From U.S. Possessions, require that the taxpayer should be treated as a "taxpayer living abroad" who must file a protective return with the Internal Revenue Service Center in Philadelphia, Pennsylvania. Appleton v. Commissioner, 140 T.C. at 287-288. To the contrary, we noted that no IRS document existed explicitly directing a bona fide resident of the Virgin Islands to file a protective return. Id. We concluded that a meticulous taxpayer researching his/her filing obligations would have discovered the instructions to Form 1040, Publication 570, as well as Field Service Advisory 199906031 (Feb. 12, 1999), and upon a review of these documents the taxpayer would believe that no filing other than with the VIBIR was necessary. Id. at 287 n.18.

VII.   Determining Bona Fide Residency

Our holding in Appleton applied to an individual whom the IRS conceded was a bona fide resident of the Virgin Islands. We did not explore the factors which had to be established in determining that an individual was a bona fide resident of the Virgin Islands.

The term "bona fide resident of the Virgin Islands" was not defined by the Code until 2004. See Estate of Sanders v. Commissioner, 144 T.C. ___ (slip op. at 30). The Secretary did not promulgate final regulations for determining whether a

**[*21]** taxpayer is a bona fide resident of the Virgin Islands until 2006. See id. at ___ (slip op. at 30-31). Consequently, a taxpayer attempting to determine his/her residency status when filing returns for 2002 and 2003 would find no guidance in the Code or the regulations.

In Estate of Sanders we addressed the question of bona fide residency. In that case, the estate presented facts which objectively demonstrated that the decedent was a bona fide resident of the Virgin Islands. The record therein established that the decedent had a physical presence in the Virgin Islands; he was a partner and worked for a Virgin Islands business; he banked in the Virgin Islands and held a Virgin Islands address; he was married in the Virgin Islands and listed his Virgin Islands address on his marriage license; he identified himself as a Virgin Islands resident and paid Virgin Islands taxes; and he had Virgin Islands certified public accountants prepare his tax returns. We concluded that the decedent was a bona fide resident of the Virgin Islands and that as a result he properly filed his income tax returns for the years at issue with the VIBIR and the section 6501(a) period of limitations had expired before the IRS mailed the decedent the notice of deficiency.

Here, no specific facts demonstrate petitioners' residency status in the Virgin Islands for 2002 and 2003. Rather, petitioners assert that we must accept

[*22] as a matter of law that they were bona fide residents of the Virgin Islands during 2002 and 2003 because of their purported good faith belief. Intervenor expands on petitioners' assertion, maintaining that section 932(c) requires every individual with Virgin Islands source income to make an initial determination as to whether he/she is a U.S. or Virgin Islands resident. Intervenor posits that if the individual determines that he/she is a Virgin Islands resident and in good faith files with the VIBIR, the IRS must either accept that determination or challenge it within the three-year period of limitations. Intervenor concludes that in these cases the IRS' failure to challenge petitioners' filing with the VIBIR within three years of the filing of the income tax returns time bars the IRS' issuance of a notice of deficiency. Not unexpectedly, the IRS disagrees.

Section 932(c) does not provide that a taxpayer's subjective belief that he/she is a bona fide resident of the Virgin Islands is sufficient to place him/her into that section's single filing regime. More is required. Section 932(c)(1) provides that section 932(c) applies to an individual if (A) he/she is a bona fide resident of the Virgin Islands or (B) if an individual files a joint return with such a person. As the Claims Court pointed out in Celanese Corp. v. United States, 8 Cl. Ct. 456, 470 (1985):

**[\*23]** The difficulty with plaintiff's argument [in support of its motion for summary judgment] is that it asks the court to find conclusively facts with respect to plaintiff's motive and intent without trial. Questions of motive and intent are not ordinarily resolvable upon motion for summary judgement and in the absence of opportunity for cross-examination. See <u>Katz v. Goodyear Tire & Rubber Co.</u>, 737 F.2d 238, 244 (2d Cir. 1984); <u>Empire Electronics Co. v. United States</u>, 311 F.2d 175, 180 (2d Cir. 1962); <u>Alabama Great So. RR. v. Louisville & Nashville RR. & Son</u>, 224 F.2d 1, 5 (5th Cir. 1955).

Intervenor asserts that if individuals such as petitioners are required to prove that they are bona fide residents of the Virgin Islands (as opposed to simply asserting that they believed in good faith that they were), such individuals would be unable to rely on the protections of section 6501(a). Instead, according to intervenor, such individuals will have to prove their case in Tax Court and win on the merits. Although we are cognizant of intervenor's concerns, requiring individuals such as petitioners to prove that they were bona fide residents of the Virgin Islands is not equivalent to forcing them to win their case on the merits, i.e., prove that they qualify for the section 932(c)(4) income exclusion.

The assertion that a notice of deficiency is untimely by virtue of the running of the section 6501(a) period of limitations is an affirmative defense that must be proven by the claimant. Rules 39, 142(a); <u>Mecom v. Commissioner</u>, 101 T.C. 374, 382 (1993), <u>aff'd without published opinion</u>, 40 F.3d 385 (5th Cir. 1994); <u>Daniels v. Commissioner</u>, T.C. Memo. 2012-355. And in the matter before us, the period

**[\*24]** of limitations will have expired only if petitioners can prove they were bona fide residents of the Virgin Islands at the close of 2002 and 2003.

VIII.  Determining Bona Fide Residency

In Estate of Sanders v. Commissioner, 144 T.C. at ___ (slip op. at 32-33), we reviewed the factors we rely upon in determining whether a taxpayer is a bona fide resident of the Virgin Islands.  Residency, as we noted, varies according to context.  Martinez v. Bynum, 461 U.S. 321, 330 (1983).  In Sochureck v. Commissioner, 300 F.2d 34, 38 (7th Cir. 1962), rev'g and remanding 36 T.C. 131 (1961), the court of appeals looked at 11 factors to determine whether a taxpayer's claimed residency was bona fide.  The 11 factors are:  (1) intention of the taxpayer; (2) establishment of home in the foreign country for an indefinite period; (3) participation in activities; (4) physical presence in the foreign country; (5) nature of, extent of and reasons for absences from his temporary foreign home; (6) assumption of economic burdens and payment of taxes to the foreign country; (7) status of resident contrasted to transient or sojourner; (8) treatment accorded his income tax status by his employer; (9) marital status and residence of his family; (10) nature and duration of employment; and (11) good faith in making a trip abroad.  See id.  The 11 factors can be grouped into four broad categories:  intent; physical presence; social, family, and professional relationships; and the

[*25] taxpayer's own representations.  Vento v. Dir. of V.I. Bureau of Internal Revenue, 715 F.3d 455, 467 (3d Cir. 2013) (considering the Sochureck factors as grouped into these categories for purposes of determining bona fide residency under section 932).

IX.    Conclusion

Petitioners failed to make a proper showing on the issue as to whether they qualify as bona fide residents of the Virgin Islands for 2002 and 2003. Consequently, because petitioners have not met their burden of showing that summary adjudication is warranted, petitioners' motions for summary judgment will be denied.  A trial will be required to determine whether the section 6501(a) period of limitations had expired before the IRS mailed petitioners separate notices of deficiency.[10]

An appropriate order

will be issued.

---

[10]Because of our holding, we need not determine at this time any other issue raised by the IRS.